Matti-iias, J.
 

 The record presents the general question of the extraterritorial operation of the Ohio workmen’s compensation law. The specific question before us is whether the workmen’s compensation fund is available to an employee injured while engaged in the performance of a contract to do specified work in another state, and no part of which is to be performed in Ohio.
 

 A great many cases have been cited, and we have considered many in addition thereto, and find that
 
 *541
 
 comparatively few of them are helpful in the consideration of the proposition before us, because of the varying provisions of the several compensation acts involved.
 

 Prom a consideration of the provisions of our own act, the general question whether such act operates extraterritorially must be answered in the affirmative, and it appears that from the earlier cases coming before the Ohio tribunals charged with the administration of the act it has been thus properly construed and applied. With the exceptions stated in said act, compensation is to be paid to every employee injured, and to the dependents of every employee killed, in the course of employment, “wheresoever such injury has occurred.” The provisions exempting the employer from suits at common law contain the same broad terms, and Section 1465-72, General Code, conferring authority upon the Board of Awards (now the Industrial Commission), provides that: “The state liability board of awards shall disburse the state insurance fund to such employees of employers as have paid into said fund the premiums applicable to the classes to which they belong, who have been injured in the course of their employment, wheresoever such injuries have occurred * * * or to their dependents in ease death has ensued.”
 

 Section 1465-90, General Code, specifically provides for the manner of appeal “in cases where the injury occurs outside the state of Ohio.” This language is clear and it must be held that in general the benefits of said act must be extended to the employee of employers who come within the provisions of the law, regardless of where the injury
 
 *542
 
 occurs, if within the course of employment. This application of the principles presents little or no difficulty in cases where the question has been previously presented to the courts of the state, for by the contracts of employment involved therein service within the state was contemplated, and as suggested in
 
 Anderson, Admx.,
 
 v.
 
 Miller Scrap Iron Co.,
 
 169 Wis., 106, 170 N. W., 275, 171 N. W., 935, the legislature could not have intended that every time these employees crossed the state line their right to compensation for injuries incidental- to and growing out of their employment should be changed.
 

 The legislative intent is quite' manifest that the provisions of the act shall apply to all those employed within the state, and also where, as incident to their employment, and in the discharge of the duties thereof, they are sent beyond the borders of the state. Undoubtedly an injury received by an employee of an Ohio employer is compensable under the workmen’s compensation law, though the injury was actually received in another state, if the service rendered by him in such other state was connected with, or part of, the duties and service contemplated to be performed in Ohio. Here, however, we have an entirely different question relative to the liability of the Ohio compensation fund. The situation here presented is not one wherein the employee was called upon to perform a portion of his duties in Ohio and a portion elsewhere. The contract here presented was one which provided for the performance of no service whatsoever in Ohio, but, on the contrary, clearly specified that the service to be rendered thereunder was wholly in another state.
 

 
 *543
 
 It is disclosed that in this instance the employer had complied with the workmen’s compensation act of the state where the service contracted for was to be rendered, and had secured the protection of his employees thus engaged in the manner required by the laws of the state, and also that the employer in making his payroll report for premium purposes in Ohio had not included therein those employees under contract to perform services only in such other state. However, the rights of the employee, if he is otherwise entitled to compensation from the Ohio fund, are not affected by such acts or omissions of the employer.
 

 Surely the mere fact that the contract was entered into in Ohio for services, none of which were to be performed within this state, but in other states and countries, should not bring the employee within the Ohio workmen’s compensation law unless the language of our statute clearly so provides. The mere fact that the contract was made in this state is not controlling.
 
 Matter of Smith
 
 v.
 
 Heine Safety Boiler Co.,
 
 224 N. Y., 9, 119 N. E., 878, Ann. Cas., 1918D, 316;
 
 Ginsburg
 
 v.
 
 Byers,
 
 171 Minn., 366, 214 N. W., 55.
 

 It does not seem possible that it was the purpose of the legislature that the Ohio compensation fund should cover all persons with whom a contract of employment is entered into within this state, regardless of the location of the place where the service is to be rendered or the conditions surrounding the same, over which, of course, the Industrial Commission of this state could exercise no authority or control. Instances are well known and could be readily cited where an Ohio employer contracts for
 
 *544
 
 services of employees to be rendered in the operation of branch factories or subordinate plants in other states and countries, which employees may or may not be residents of Ohio. Such a situation presents an extreme case it is true, but would involve the same principle as presented by the facts disclosed by this record. Again, it is clear that the place of residence of the employer and employee is not determinative of the question presented. The business or industry of such employer may be entirely in another state, and of course would not be subject to inspection, supervision, or regulation by Ohio authorities. Under such circumstances there would be no requirement that the employer make any contribution to the compensation fund of this state. The situation is no different where an employer resident of Ohio does conduct some business or industry in this state, but owns and operates a different business in another state and contracts for the service of certain employees to be rendered only in the industry in such other state, who are in no sense a part of the Ohio force or connected with the Ohio business or industry.
 

 In the recent case of
 
 Watts
 
 v.
 
 Long,
 
 116 Neb., 656, 218 N. W., 410, the Supreme Court of Nebraska cites and reviews many cases bearing upon the question before us, some of which involve situations such as above stated. In holding the employers’ liability act of that state not applicable where an injury was sustained out of the state while the employee was in the performance of a contract made in the state, but for services to be performed elsewhere, the court uses language quite pertinent here: “It is well established that the law of the
 
 *545
 
 state in which a contract is made and is to be performed is considered as written into and becomes a part of and governs the contract; but, where a contract made in one state is to be performed in another, the rule is equally well established, as hereinbefore noted, that the law of the place of performance governs the contract. We are, therefore, of opinion that when the parties entered into the contract in question for the performance of work in the state of Kansas, the workmen’s compensation law of Kansas * * * became a part of the contract so far as that work was involved, and that plaintiff must seek compensation in that state.” The Supreme Court of Connecticut applied the same rule in a similar case,
 
 Banks
 
 v.
 
 Albert D. Howlett Co.,
 
 92 Conn., 368, 102 A., 822, and held that, though the contract was made in New York, it having distinct and sole reference to Connecticut employment, there was automatically incorporated therein the provisions of the Connecticut law for compensation in case of injuries.
 

 It is our conclusion that the Ohio workmen’s compensation fund is not available to an employee injured while engaged in the performance of a contract to do specified work in another state, no part whereof is to be performed in Ohio.
 

 Judgment reversed.
 

 Marshall, C. J., Kobinson, Jones, Day and Allen, . JJ., concur.
 

 Kinkade, J., not participating.