## KOVACH v MECHANICAL RUBBER COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided March 7, 1932

Harry Feinberg, Cleveland, for plaintiff in error.

Reed & Hazelwood, Cleveland, for defendant in error.

VICKERY, J.

At the outset of the case we are met with a motion to strike the bill of exceptions off, or to ignore the bill of exceptions, on the ground that there is no proper bill of exceptions before the court.

The writer of this opinion thinks that this case can be safely disposed of without recurring to that horn of the dilemma, for there is a complete dearth of evidence in the record which would warrant the jury in coming to any conclusion other than that they did come to. In other words, there is no evidence in the record that this man was injured and in the course of his employment, or that the injury complained of, at least, was sustained in the course of his employment and that he suffered any loss of time in any way, either for partial permanent or total temporary disability, or in any other way, at the time when this so-called injury occurred, nor was there any evidence that any doctor's bills had been paid.

The claim was made that by reason of this injury on June 7th, 1926, he became totally blind in this eye, and the first claim that was made of any disability, either total temporary or permanent partial, or in any other form, was more than four years after this so-called injury, and then it was because of the blindness that resulted from this so-called injury.

Now the record in this case shows that this man was blind in the eye that he claimed was injured long prior to the date of the injury, and he worked right along after his blindness until the time of filing this claim with the Industrial Commission, first with the employer and then with the Commission, when it was refused. It is well to bear this in mind because of the claim that is made that this judgment of the court and the verdict upon which it was based are erroneous and should be reversed.

The argument is made with much ingenuity, so much so that it almost becomes disingenuous, that the court erred in charging the jury that if they should find that the injury occurred in the course of his employment and that injury resulted in the total blindness complained of in the eye, and if that was proven by a preponderance of the evidence, then the plaintiff might recover; but if plaintiff had failed to prove by a preponderance of the evidence that the injury occurred in the course of his employment which resulted in the loss of his

eye, then he could not recover.

The argument is that his being injured in the course of his employment was coupled with the blindness by the court in his chage; whereas if he proved he was injured while in the course of his employment, even though it did not result in blindness, but resulted in injury lasting for seven days, he should be entitled to recover at least for seven days. I say that this argument smacks almost of disingenuousness, for the only claim that was made in the petition or elsewhere, was that this injury, of which he made no complaint in 1926, had resulted in blindness in 1930 when the claim was made, and the claim was for the blindness resulting from this injury. Of course, the question that the court submitted to the jury, at least the primary question must be: Was the plaintiff injured in the course of his employment? If he was, and made the proper application for compensation, the extent or the amount of compensation was for the Industrial Commission to decide, but the fact that he be entitled to compensation was the first question to be determined by the jury; and it is claimed that this charge coupled the two together, that they must find both or they could not find anything for the plaintiff.

The writer of this opinion does not think that that follows from these words. But however that might be, there was no evidence, as already stated, to show any injury of any kind, and there is positive proof that the injury complained of now, existed prior to the so-called injury on June 7th, 1926. So how the jury could have found differently than they did would be difficult to understand. There surely was no evidence upon which they could base any other verdict, and the errors complained of are that the verdict is manifestly against the weight of the evidence and that the court erred in its charge, neither of which we think are tenable. But inasmuch as the question as to the proper form of the bill of exceptions is likely to arise again, the writer of this opinion deems it expedient to advert to the motion to strike the bill of exceptions off, or at least to have this court ignore the bill of exceptions.

We are quite familiar with the rule that causes on appeal from the decision of the Industrial Commission must be heard upon the same evidence that was used before the Commission. We apprehend that that should proceed in an orderly way like the production of testimony in any other case, and as a matter of fact it did proceed that way in this case. The plaintiff took the transcript of the Industrial Commission, which the Industrial Commission had made, and read such parts of the testimony as he desired. Objections were made by the attorney on the other side, and the cross examination of the plaintiff's witnesses were read by the defendant's counsel, and so on throughout the record. Now this comprised the evidence which was submitted to the jury.

There is no reason why, when this kind of case is tried, the bill of exceptions should be put in any different form than any other bill of exceptions. Here the questions and answers were read to the jury; objections and exceptions were passed upon. The transcript of such proceedings should be made in the ordinary way, and the whole proceedings would then be before the reviewing court in one concise bill of exceptions, and the court could pass upon the objections as to whether they were properly sustained or not. But instead of those orderly proceedings, we find that the transcript, which is the so-called bill of exceptions, refers to questions contained in the Commission's transcript, and then to find what was done with the question we are referred to the transcript that was made before the Industrial Commission, which is attached to and attempted to be made a part of the bill of exceptions.

We are not reliably informed whether this transcript went to the jury or not. Probably it did not go to the jury, but an examination of that transcript will show that in order for this court to learn what was done at that trial, we have to look at the bill of exceptions that is before us, and then refer to the various questions contained in the Commission's transcript, and on the margin of that transcript is written the ruling of the court on the objection, and the offer of proof. In other words, instead of getting the proceedings from the bill of exceptions, the reviewing court has to search the Commission's transcript for the questions, and then rule upon a record thus mutilated that was made before the Industrial Commission, and even though this is attached to the bill of exceptions, it is in no manner properly a part of the bill of exceptions.

The judgment of the writer of this opinion is that the testimony that is admitted before the Common Pleas Court on appeal from the Industrial Commission should be and must be limited to the evidence contained in the transcript, yet it must be read to the jury from that transcript and whatever evidence was thus introduced must, like that in any other case, be transcribed and formed into a bill of exceptions and must be submitted to the trial court and properly signed like any other bill of ex-

ceptions, and the objections to questions and the offer to prove should be contained along with the context of the bill of exceptions. In other words, a reviewing court in order to get at the bill of exceptions does not have to search transcripts that are made for other purposes, nor does the writer of this opinion think it proper to mutilate the Commission's transcript that was made, by adding to it in the manner in which this transcript was added to. One might just as well file the original papers in a case and then attach them to a sheet and say "bill of exceptions" and let the court find out whatever was done by reading the separate papers. In other words, the court in being furnished such a bill of exceptions in order to learn what took place, must search the entire record other than the bill of exceptions to see what the court did. We think that is improper practice and courts of review ought not to tolerate it.

True it saves expense, but a narrative bill of exceptions could be gotten up. This testimony could be written out. It is there before counsel, and it could be incorporated into a bill of exceptions at the instance of the lawyer desiring a bill of exceptions, and it could be done by his own stenographer, because the only testimony is in writing and all that had to be done was to put it in proper consecutive order, and let the bill of exceptions recite what was actually done in the trial of that action.

We do not strike this bill of exceptions off. We do not think it is necessary, but the above is the judgment of the writer of this opinion that that should be the practice, for the litigants and the lawyers have no right to put upon the court burdens which it is their duty as lawyers to assume. It does not do to say that it is costly, because every lawyer has a stenographer and the transcript could be taken and all the evidence introduced could be written out in due form and properly presented to the trial court for its signature; and I for one object to this sort of procedure in a court of review, asking a court as busy as this court is with much work to do, to perform the duty counsel should assume.

But aside from this question, there is no error in this record, assuming the record to be before the court, that would warrant a reversal of this judgment. The court does not see upon the record in this case how the jury or the court could have done any differently than it did do.

The judgment will, therefore, be affirmed.

LEVINE, PJ and WEYGANDT, J, concur.