JOHNSON *v.* INDUSTRIAL COMMISSION OF OHIO.

(Decided October 4, 1932.)

*Mr. L. M. Graham,* for plaintiff in error.

*Mr. Gilbert Bettman,* attorney general, *Mr. R. R. Zurmehly* and *Mr. Donald J. Hoskins,* for defendant in error.

KUNKLE, J. This case comes into this court upon a petition in error seeking to reverse the judgment of the court of common pleas.

In the lower court a jury was waived and the case was submitted to the court upon the pleadings, the agreed statement of facts, and the evidence.

The finding and judgment of the lower court were to the effect that there was no liability as against the Industrial Commission.

In brief, it appears from the record that Roy C. Johnson, the husband of plaintiff in error, in April, 1928, entered the employment of the Mt. Vernon Bridge Company; that the Mt. Vernon Bridge Company is an Ohio corporation engaged in the construction of bridges and other structural steel work, and in the prosecution of its business did work of this nature in different states; that Roy C. Johnson worked on several bridges and other structural work executed by the Mt. Vernon Bridge Company, and that his work had taken him to Port Clinton, Ohio, Independence, Missouri, St. Joseph, Missouri, Columbus, Ohio, and to several different points in Maryland and to Swiss, West Virginia; that the work of said Johnson consisted largely of operating a hoisting engine, which was mounted on a car known as a "derrick car," and that he was engaged in this work at Swiss, West Virginia, on March 27, 1930, at the time the accident occurred which resulted in his death; that Johnson was married and living with and supporting his wife and one minor daughter, who were dependent upon him for support, both of which dependents are now living; that the Mt. Vernon Bridge Company was on March 27, 1930, a subscriber to the state insurance fund of Ohio, and before beginning the work on the bridge at Swiss, West Virginia, became a subscriber to the state insurance fund of West Virginia, and had complied with the requirements of the statute there as to posting of notices; and that in so far as the job at Swiss, West Virginia, was concerned, the Mt. Vernon Bridge Company reported its pay roll for this work

to the Industrial Commission of West Virginia and not to the Industrial Commission of the State of Ohio.

It is also undisputed in the record that the Mt. Vernon Bridge Company in carrying out its usual practice in performing work in different states furnished the foreman or superintendent in charge of each construction job with certain cards of employment between the company and its employees, that this practice was carried out at West Virginia, and that before any employee could secure work on these different jobs he was required to sign the card of employment known as the "blue card."

The card so signed by Mr. Johnson before beginning his work at Swiss, West Virginia, which card the foreman was required to have signed by the employees before being taken upon the work, was as follows:

"Employees' Agreement.
"Date 3/7/30.

"Whereas, the Mt. Vernon Bridge Company is employing Roy Johnson on erection work at Swiss, State of W. Va. Now, therefore, for the purpose of determining the place of the contract and the law governing the same, it is agreed: that the contract of employment between the Mt. Vernon Bridge Company and the undersigned employee above referred to is entered into at Swiss in the State of W. Va. and shall be governed by the laws of the State above mentioned.
"The Mt. Vernon Bridge Co.   Mar. 10, 30.
     "By J. F. Boggs

R. C. Johnson,
"Signature of Employee."

It will be unnecessary to quote from the record in detail in this case as counsel are thoroughly familiar with the same, but after a careful consideration of the record we cannot escape the conclusion that under the

undisputed facts the case falls within the reasoning of our Supreme Court in the case of *Industrial Commission* v. *Gardinio,* 119 Ohio St., 539, 164 N. E., 758. The syllabus of that case is: "The Ohio Workmen's Compensation fund is not available to an employee injured while engaged in the performance of a contract to do specified work in another state, no part whereof is to be performed in Ohio."

From the facts contained in the record of this case, it is clear that no part of the work upon which Mr. Johnson was engaged at the time of receiving the injuries which resulted in his death was to be performed in Ohio. It is also clear that, while Mr. Johnson may have gone from one job to another, at the completion of each job he was laid off; that is, his services were not continued except as the Mt. Vernon Bridge Company secured another contract and continued his employment.

From a careful consideration of the *Gardinio case,* we cannot escape the conclusion that the reasoning found in that case is controlling and requires an affirmance of the judgment of the lower court.

*Judgment affirmed.*

ALLREAD, P. J., and HORNBECK, J., concur.