ROCKEY, APPELLANT, *v.* THE ARMOUR FERTILIZER WORKS, INC., APPELLEE.

498

(Decided February 19, 1940.)

Mr. *Ed P. Buckenmyer*, for appellant.
Messrs. *Flynn, Frohman, Buckingham, Py & Kruse*, for appellee.

LLOYD, J. This is an appeal on questions of law from the finding of the Court of Common Pleas denying compensation to the dependents of Lloyd E. Rockey, killed while in the employ of The Armour Fertilizer Works, Inc., a corporation organized under the laws of New Jersey. The corporation had its main business office at Atlanta, Georgia, a regional office at Chicago and a district office at Sandusky, Ohio. At the time of the death of Rockey, the Sandusky district office had jurisdiction over Ohio and Michigan sales and salesmen, to which the territory assigned to Rockey had been transferred from the Chicago office with which his contract had been made and pursuant to which he continued his employment as a salesman. The territory allocated to him included ten counties located in southeastern Michigan—none in Ohio.

Rockey continued to live in Michigan, his residence being at Addison, and while in the course of his employment there, was killed, on December 11, 1934, in a hotel fire in Lansing. His territory and duties under his contract were at all times the same, the only change in his relations with his employer being that he reported to the Sandusky instead of the Chicago office and attended sales meetings held there two or three times a year. Nor did his employer report his payroll earnings or pay any premium thereon in Ohio. On August 28, 1933, the decedent called on and obtained an order from a Mr. Firestone, whose postoffice ad-

dress was Montgomery, Michigan, but whose farm and residence were located in Ohio one or two miles from the state line. His report thereof read in part:

"Daily Report
"Town: Montgomery      County: Hillsdale
"State: Michigan.
"Called on A. B. Firestone. He lives in Ohio and we will have to give him Ohio prices.
"Salesman: L. E. Rockey."

The Sandusky office, to which this report was sent, replied:

"If we ship him in Michigan, it will have to be at Michigan prices; however, if we ship him in Ohio it will be at Ohio prices, but if he lives in Ohio and ships in Ohio, we do not understand how the amount can be claimed in your territory."

In his reply to this letter, Rockey said:

"Of course if it cannot be arranged to credit my territory with the tonnage, I'll just have to lose it, but I certainly need tonnage."

Rockey received a salary and his expenses but no commission or bonus was paid to him, except on orders for "High Analysis" fertilizer, which was not what Firestone had purchased.

The facts in evidence are not in dispute, being stated in substance as above outlined in the briefs and arguments of counsel. The only question presented for consideration is whether the dependents of Rockey are entitled to participate in the Ohio workmen's compensation fund, and the answer to that question depends entirely upon whether his voluntary act in trespassing in one instance only upon Ohio territory, not assigned to him, can bring him within the purview of the Ohio Workmen's Compensation Act.

The Firestone order, on its face, as reported by Rockey, would indicate that it was taken in Mont-

gomery, Michigan, and probably, if he had not raised the question of whether the price to be charged should be Ohio or Michigan, nothing further would have been said as to whether the Firestone order was within Rockey's assigned territory, and apparently Rockey intended and expected it would be so considered.

Without indulging in argumentative detail, this court is of the opinion that the admitted facts preclude participation by Rockey's dependents in the Ohio fund, and that this conclusion is in harmony with that of the Supreme Court in *Industrial Commission* v. *Gardinio,* 119 Ohio St., 539, 164 N. E., 758.

Although not important in the instant case, it may be well to suggest that a bill of exceptions purporting to record the evidence and proceedings in a trial had *de novo* in the Court of Common Pleas should contain only the happenings occurring and the evidence presented and admitted in that court and not a transcript of the proceedings, conversations, etc., had and indulged in on a hearing before some other tribunal or commission, but not offered and received in evidence in the trial court. The bill of exceptions herein is not unlike that discussed by Judge Vickery in *Kovach* v. *Mechanical Rubber Co.,* 42 Ohio App., 265, 269, 181 N. E., 924, and with which this court is in accord.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.