BANTA, APPELLEE, *v.* DAUGHERTY, ADMR., ET AL.;
BRADA MILLER FREIGHT SYSTEM, INC., APPELLANT.

(No. CA79-02-0017—Decided September 17, 1980.)

*Messrs. Casper & Casper* and *Mr. Jack A. Casper,* for
appellee.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Robert E.
Tait,* for appellant.

BETTMAN, P. J.   This cause came on to be heard upon an
appeal from the Court of Common Pleas of Butler County.

The issues concern the entitlement of plaintiff-appellee,
Russell E. Banta, to compensation under the Workers' Com-
pensation Act of Ohio for injuries received, within the scope of
his employment, on March 14, 1975, in Hamilton, Ohio, while
in the employ of defendant-appellant, Brada Miller Freight
System, Inc. (Brada Freight or appellant).

Banta was employed as an over-the-road driver operating in various states, including Indiana, but principally in Ohio. Brada Freight, an interstate carrier with its principal office in Indiana, was covered by the Workers' Compensation Acts of Ohio and Indiana, among others. In Indiana it was a self-insurer. Banta is a resident of Dayton, Ohio.

Banta's Ohio claim was allowed at all administrative levels, and Brada Freight's appeal from these rulings was refused by the Industrial Commission. Its appeal to the Court of Common Pleas of Butler County was overruled and judgment entered in favor of Banta.

In its appeal from that judgment, appellant assigns three errors. We shall consider the first two assignments of error together. The thrust of these two assignments of error is that the trial court erred in not holding that, prior to his injury, Banta had agreed that his exclusive remedy was to be under the Workers' Compensation Act of Indiana.

At the commencement of his employment, in 1965, Banta signed a document entitled "Supplement to Contract of Hire" (see Appendix). This document was not filed with the Industrial Commission of Ohio until *after* the accident, and no other pertinent document was filed. Brada Freight maintains that this is an "agreement" in compliance with R. C. 4123.54; and, accordingly, the agreement bars Banta from any claim in Ohio. The pertinent parts of R. C. 4123.54, as in effect in 1975, provided (see 128 Ohio Laws 755-756) as follows:

"Every employee, who is injured * * * is entitled to receive * * * from the state insurance fund, such compensation for loss sustained on account of such injury * * * as are provided by sections 4123.01 to 4123.94, inclusive, of the Revised Code.

"Whenever, with respect to an employee of an employer who is subject to and has complied with sections 4123.01 to 4123.94, inclusive, of the Revised Code, there is possibility of conflict with respect to the application of workmen's compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed. *Such agreement shall be in*

*writing and shall be filed with the industrial commission* within ten days after it is executed and shall remain in force until terminated or modified by agreement of the parties similarly filed. * * * If the agreement is to be bound by the laws of another state and the employer has complied with the laws of that state, the rights of the employee and his dependents under the laws of that state shall be the exclusive remedy against the employer on account of injury, disease, or death in the course of and arising out of his employment without regard to the place where the injury was sustained or the disease contracted.

"If any employee or his dependents are awarded workmen's compensation benefits or recover damages from the employer under the laws of another state, the amount so awarded or recovered, whether paid or to be paid in future installments, shall be credited on the amount of any award of compensation or benefits made to the employee or his dependents by the industrial commission." (Emphasis added.)

This section must be construed in conjunction with R. C. 4123.80 which provides that "[n]o agreement by an employee to waive his rights to compensation under sections 4123.01 to 4123.94, inclusive, of the Revised Code, is valid, * * * " and in the light of the requirement of R. C. 4123.95 that "[s]ections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees * * * ." These two sections make abundantly clear the legislative policy against permitting employers to "persuade" employees to give up their rights under the Act. For that reason, R. C. 4123.54, which creates an exception to R. C. 4123.80, must be strictly construed.

R. C. 4123.54 states (now, as well as in 1975) that " * * * [s]uch agreement shall be in writing and shall be filed with the industrial commission * * * ." The language is mandatory. Until this has been done, the statute has not been complied with and R. C. 4123.80 controls.

Appellant argues that the filing of the agreement with the commission is purely procedural; and, therefore, its failure to file its "agreement" with the commission until after Banta's injury is without significance. We cannot agree. The Industrial Commission was given broad supervisory powers over the administration of the Workers' Compensation Act. R. C.

4123.05. Pursuant thereto, it can set up any reasonable requirements in the administration of R. C. 4123.54. If proposed employer-employee agreements are not filed with the commission, as required, its proper supervision of such agreements would be hampered.[1] In addition, the Industrial Commission of Ohio requires the filing of Form C-112, executed by the employer and employee, in connection with "R. C. 4123.54 agreements."[2] However, no such form was executed or filed with the commission in respect to Banta.

It must further be recognized that if proposed agreements are not filed with the commission, the opportunity is open to employers, by the simple expedient of not filing an agreement, to preserve an option to pick which state they wish to handle a particular claim—until after an accident occurs.

It could be argued that the sentence in R. C. 4123.54, stating that " * * * [i]f the agreement is to be bound by the laws of another state * * * , the rights of the employee * * * under the laws of that state shall be the exclusive remedy * * * ," controls the issue here. However, for the reasons hereinbefore set out, we construe the words "the agreement" in that sentence to have reference to an agreement " * * * in writing * * * filed with the industrial commission * * * " (R. C. 4123.54).

That the statute contemplates that an injured employee may have rights in another state, in addition to his rights in

---

[1] Although the commission agreement form, Form C-112, is not much of an improvement over the form of agreement used by Brada Freight (see Appendix) as far as making clear to the employee that he is giving up his rights under Ohio law, it does at least specify that there shall be a state of "exclusive remedy." In any case, the Industrial Commission's supervisory powers vest in it authority to prescribe a form which would make clear, to an employee, just what he is agreeing to. Indeed, we would opine, that the Industrial Commission, in the proper discharge of its responsibilities under the Act, should carefully scrutinize proposed "agreements" under R. C. 4123.54 in order to protect Ohio residents and workers. It is obvious that a person seeking work, or an employee, has virtually no choice but to sign whatever "agreement" the employer puts before him. The employer, on the other hand, is perfectly free to pick whichever state is most to its advantage. Only supervision by the Industrial Commission can assure that the legislative policy, that these be free, intelligent and voluntary agreements, is carried out.

[2] A copy of a Form C-112 was sent to Banta after his injury for his signature. It was not signed by Banta or by Brada Freight.

Ohio, is evident from the statute's provision that payments pursuant to the laws of another state are to be credited against any award under Ohio law. The first two assignments of error are overruled.

Appellant's third assignment of error asserts error in the trial court's failure to find that Banta had waived his right to receive benefits under the Workers' Compensation Act of Ohio. This proposition is based upon Banta's signature on Indiana Form No. 12, dated April 15, 1975, and entitled "Agreement Between Employee and Employer As to Compensation."

Appellant relies on the court's holding, in *State, ex rel. Weinberger,* v. *Indus. Comm.* (1941), 139 Ohio St. 92, that the invalidity of agreements by employees to waive their rights under the Act, enunciated in present R. C. 4123.80, does not apply to contracts of settlement made after the injury has occurred. The agreement herein (Indiana Form No. 12), appellant contends, is such a contract of settlement. We do not agree.

The document shows that all Banta agreed to was that he would receive $90 per week until such payments were " * * * terminated in accordance with the provisions of the Workmen's Compensation Law of * * * Indiana." He did not agree that such payments were to be in full payment for his injuries; and, he did not release any claims for further compensation, nor did he release any claims he had under the laws of Ohio. The document is no more than an acknowledgement by Banta that he was receiving the payments therein set out. It cannot be considered a contract of settlement as contemplated by *Weinberger, supra.*

It should also be noted that in its decision in *Weinberger,* though holding that contracts of settlement could be valid, the court held that the contract therein, in settlement of a claim for injury to one leg, did not bar an award for later complications which developed in the claimant's other leg. Similarly here, Banta's agreement to accept payments in Indiana is not a bar to his assertion of his rights under Ohio law. The assignment is overruled. We affirm the judgment.

*Judgment affirmed.*

PALMER, J., concurs.

BLACK, J., dissenting. I respectfully dissent because I believe that R. C. 4123.54, properly interpreted, not only authorized the written agreement between Banta and Brada Freight (to be bound by the laws of Indiana) but also made Banta's rights under Indiana law the exclusive remedy against Brada Freight for his work injury, subject to a factual determination that was not made by the trial court; that is, whether Banta knowingly and voluntarily signed the agreement.

R. C. 4123.54 permits employers and employees to agree on which state will govern workers' compensation benefits when all or some portion of the work actually is (or is about to be) performed in a state or states other than Ohio. If the agreement is that the parties will be bound by the laws of another state and if the employer has complied with the laws of that state, the employee's rights are determined exclusively by the laws of that state. The only express condition precedent to the exclusiveness of such an agreed remedy is that the laws of the other state must be followed. The obvious purposes are to avoid the complexities of conflicts of laws and to provide reciprocity with other states.

The majority holds that the statute requires the filing of such an agreement with the Industrial Commission of Ohio within ten days after execution, that this is a mandatory requirement, and that the violation thereof invalidates the entire agreement. The justification for these conclusions is that R. C. 4123.95 calls for liberal construction of R. C. Chapter 4123 in favor of employees, thus, somehow authorizing the Industrial Commission to supervise the relationships between all employers and employees in order to determine whether there has been any overbearing. A further justification is advanced in the prohibitions of R. C. 4123.80 against waiver by employees of their rights to compensation. That statute, however, has no relevancy to the present case because Banta did not waive his rights to workers' compensation benefits. He simply agreed that those rights would be determined exclusively by Indiana law.

I would not interpret the filing requirement under R. C. 4123.54 to have more effect than the language of the General

Assembly gives it. The word "shall" is generally interpreted as creating a mandatory requirement, but the exceptions to that general rule are legion. When the statute (R. C. 4123.54) fails to provide the specific sanction for failure to file and goes on to say that the only preconditions to designating the laws of another state as controlling are (1) an agreement, and (2) compliance with the laws of that state, then a fair interpretation of the statute as a whole, giving effect to all its words and phrases, is that when an agreement complies with the laws of the other state, those laws provide the employee's exclusive remedy.

In the instant case, however, the record discloses a factual dispute that was not resolved by the trial court and that must be resolved before final judgment can be granted. Banta asserted in his answers to interrogatories, and the assertion is carried over into the agreed stipulations of facts, that the agreement to be bound by Indiana law was placed before him and signed by him without his knowing what he was signing. If this assertion is true, the deception would invalidate the agreement. The case must be remanded for resolution of that factual dispute.

My difficulty with the majority decision is two-fold: (1) it creates an extraordinary hurdle inhibiting the creation of valid agreements about which jurisdiction will govern in those cases where there is a possibility of conflict of laws about workers' compensation, because the majority interpretation provides that no such agreement shall be valid unless filed with and approved by Ohio as one possible jurisdiction, thus making any such agreement not bilateral but multilateral; and (2) it destroys the obvious purposes of the statute to avoid conflicts of laws and to provide reciprocity when two or more jurisdictions might possibly govern, because whenever "some portion of the work of the employee," whatever quantum that may be, is to be performed in Ohio, then Ohio will have power to determine whether the attempted employer-employee agreement is valid.

To avoid those difficulties and to give effect to the clear purposes of the statute, we should strictly interpret the statute as invalidating the agreement for lack of filing only when the agreement is that the parties will be bound by Ohio law.

## APPENDIX
## "SUPPLEMENT TO CONTRACT OF HIRE

Date: * * * [7-22-65]

"I, Russell E. Banta , understand that I have been hired and employed by the Brada Miller Freight System, Inc. in the State of Indiana to perform truck driving duties engaged in Interstate Commerce activities, that I will be paid from the principal offices of the company in the State of Indiana and that my truck operations will be supervised and controlled from the dispatching operations offices located in Kokomo, Indiana.

"Further, I understand and agree that I am subject to the provisions of the Workmen's and Unemployment Compensation Acts of the State of Indiana. In the event of injury, I understand and agree that claims will be filed and my rights will be governed by the provisions of the Workmen's and Unemployment Compensation Acts of the State of Indiana.

"Further, I understand and agree that my eligibility to continue as an employee of Brada Miller Freight System, Inc. will depend upon my ability to obtain another suitable tractor to drive, should the tractor I am now driving no longer be available for any reason other than Lay-Off by Brada Miller Freight System, Inc."■