THE STATE, EX REL. STANADYNE, INC., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Stanadyne, Inc., *v.* Indus. Comm. (1984), 12 Ohio St. 3d 199.]

(No. 82-1653—Decided July 25, 1984.)

*Messrs. Schwartz, Einhart & Simerka* and *Mr. Gregory P. Szuter,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. James E. Davidson,* for appellant Industrial Commission.

*Messrs. Larrimer & Larrimer* and *Mr. Terrence W. Larrimer,* for appellant Richard Leopold, attorney for the estate of Palmer Heare.

*Per Curiam.* The initial question posed for review concerns the holding by the court of appeals that R.C. 4123.519 imposes a jurisdictional limitation upon the commission.

R.C. 4123.519 provides, in pertinent part, as follows:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

The court of appeals reasoned that "[p]ursuant to R.C. 4123.519, the Industrial Commission has jurisdiction to hear claims where the injury was inflicted in Ohio or the contract of employment was made in Ohio, but the injury occurred outside the state."

Appellants object to this conclusion, arguing that R.C. 4123.519 only limits the jurisdiction of courts of common pleas to review decisions of the commission and that the commission's jurisdiction is not affected by this section of the Revised Code. We agree.

In *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122 [35 O.O.2d 147], this court held in paragraph two and three of the syllabus:

"Section 4123.519, Revised Code, deals with the subject of appeal and provides that a decision of the Industrial Commission in an injury case is appealable to the Court of Common Pleas of the county 'in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.'

"Where a contract of employment between an employer and his employee is entered into outside Ohio and the employee sustains an injury in the course of and arising out of his employment outside this state, Section 4123.519, Revised Code, is inapplicable, and the Court of Common Pleas is wholly without jurisdiction to entertain an appeal from a decision of the Industrial Commission in such a case."

As recognized in *Jenkins, supra,* the focus of R.C. 4123.519 is upon the jurisdiction of the courts of common pleas to entertain appeals from decisions or orders of the commission. Noticeably absent from the decision in *Jenkins* is any reference, whatsoever, that R.C. 4123.519 somehow establishes jurisdictional criteria affecting the commission. We therefore conclude, consistent with *Jenkins,* that R.C. 4123.519 only affects decisions of the commission sought to be appealed to the courts of common pleas, and not the jurisdiction of the commission to consider an application for benefits under the scheme set forth within R.C. Chapter 4123.

This conclusion does not, however, end our inquiry, for the question remains whether the commission abused its discretion in awarding benefits to the dependents of the deceased.

The commission first concluded that for purposes of workers' compensation, Stanadyne was the decedent's employer. Stanadyne contests this determination, arguing that Shippers Interstate: (1) hired the truck drivers, (2) paid their wages and withheld applicable taxes, (3) reserved the right to fire any driver, and (4) was responsible for labor negotiations with the drivers'

union. Stanadyne's argument, however, is an attempt to place form over substance.

An examination of the record demonstrates that although the aforementioned responsibilities did indeed rest with Shippers Interstate, the right to control the manner or means of performing the work rested with Stanadyne. The drivers' routes, destinations, the type of truck driven and the goods to be transported were all controlled by Stanadyne. Moreover, Shippers Interstate can best be described as an employment agency which supplied qualified drivers to Stanadyne.

This court's prior position under similar cases has been that the customer of the employment agency, exercising day-to-day control over the employee, will be considered to be the employer for purposes of workers' compensation. *Campbell* v. *Central Terminal Warehouse* (1978), 56 Ohio St. 2d 173 [10 O.O.3d 342]. Cf. *Vandriest* v. *Midlem* (1983), 6 Ohio St. 3d 183. Thus, our inquiry narrows to whether the decedent had sufficient contacts with this state so as to entitle his dependents to be eligible for death benefits.

The record reveals that the decedent's contract for hire and his fatal accident both took place in Indiana. Furthermore while driving for Stanadyne's Indiana facility, the decedent neither entered Ohio nor was he scheduled to enter Ohio. Appellants nevertheless contend that sometime in the future the decedent may have been scheduled to transport goods to or from Stanadyne's Elyria, Ohio facility. Such a contention is, at best, speculative and not supported by the record.

In *Prendergast* v. *Indus. Comm.* (1940), 136 Ohio St. 535, 543 [17 O.O. 190], this court concluded that "* * * an employee injured outside the state may recover under the Ohio act if the employing industry and his relationship thereto are localized in Ohio." Moreover, the instant appeal parallels a concern expressed by the court in *Prendergast*. Therein, while discussing the denial of benefits in *Indus. Comm.* v. *Gardinio* (1929), 119 Ohio St. 539, the court stated at page 541:

"* * * [In *Gardinio*] [t]his court stressed the fact that no part of the duties of the employee was to be performed in Ohio. Gardinio's employment was likened to that to employees whose services are to be rendered in the operation of branch factories or subordinate plants in other states and countries where such employees may or may not be residents of Ohio. The court especially stressed the further fact that in Gardinio's case the employer had complied with the Workmen's Compensation Act of the state where he was premanently employed and where he was injured, and had secured protection for him in the manner required by the laws of that state. * * *"

We find the aforementioned rationale particularly applicable to the case at bar. First, the decedent's contract for hire, his job duties and his fatal accident all occurred in Indiana. Second, he was employed by a branch facility of a company which also happens to do business in Ohio. And finally, the record demonstrates that workers' compensation premiums were paid on his behalf in Indiana. Given the posture of this case, we are unable to conclude that the decedent's death was in any respect localized in Ohio.

Moreover, if the decedent had sought to receive coverage under the workers' compensation laws of this state, then an agreement could have been executed in accordance with R.C. 4123.54. Cf. *Jenkins, supra.* This section provides in pertinent part:

"Whenever * * * there is possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed. * * * If the agreement is to be bound by the laws of this state and the employer has complied with sections 4123.01 to 4123.94 of the Revised Code, then the employee is entitled to compensation and benefits regardless of where the injury occurs * * *."

No such agreement was executed, however, and accordingly, we conclude that the commission's allowance of death benefits to the decedent's dependents constitutes an abuse of discretion.

For the reasons contained herein, the issuance of a writ of mandamus by the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, JJ., dissents.

CLIFFORD F. BROWN, J., dissenting. In the appeal of the claim in this case from the Toledo Regional Board of Review to the Industrial Commission, the commission reversed the board and granted death benefits. In the mandamus action in the court of appeals by the employer Stanadyne attacking this award, that court granted the writ of mandamus nullifying the award. Because the court of appeals should be reversed and the writ of mandamus denied, I dissent.

In awarding death benefits the commission made a factual determination that respondent's decedent was an employee of relator at the time of death. This determination was within the sound discretion of the commission. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47 [1 O.O.2d 190].

The decedent Heare and his family were Ohio residents when he was killed in the course of his employment in Indiana. The employer at that time had a manufacturing plant in Elyria, Ohio, and conducted substantial business in Ohio and in the surrounding states of Indiana, Illinois and Wisconsin. It was regulated by the Industrial Commission of Ohio as a self-insured employer and assigned Risk No. SI 3061. The employer had the right to send decedent to Ohio on Stanadyne's business, but had not yet done so at the time of Heare's death.

This court has held that constitutional authority exists extending extraterritorial application of Ohio Workers' Compensation law to work-related injuries and deaths occurring outside Ohio. *State, ex rel. Gailey, v. Krise* (1969), 18 Ohio St. 2d 191 [47 O.O.2d 432]; *Holly v. Indus. Comm.* (1943), 142 Ohio St. 79 [26 O.O. 261]. R.C. 4123.54 specifically addresses jurisdiction of the Industrial Commission over out-of-state injuries.

R.C. 4123.54 directly authorizes jurisdiction by the Ohio Industrial Commission over work-related injuries and death "wherever such injury has occurred." Although the second paragraph of this statute permits written agreements between an employer and employee to accept the jurisdiction of a particular state, where no such written agreement has been executed, as in this case, then the first paragraph of R.C. 4123.54 operates to cover all Ohio employees wherever the injury occurs. See *State, ex rel. Bailey, v. Krise, supra.* In *Bailey* the injured workman was a resident of Pennsylvania, hired by an Ohio corporation to do a specific construction job in Iowa. No part of the work was planned for Ohio. The claimant was granted an additional award for violation of an Ohio specific safety requirement at the job site in Iowa. Cf. *Jenkins v. Keller* (1966), 6 Ohio St. 2d 122 [35 O.O.2d 147].

Where the claimant or his surviving dependents are Ohio residents, the Industrial Commission lawfully exercises its jurisdiction over a death benefit claim arising from work-related injuries sustained outside Ohio under a contract for hire made in another state. *Prendergast v. Indus. Comm.* (1940), 136 Ohio St. 535 [17 O.O. 190]; *Alaska Packers Assn. v. Comm.* (1935), 294 U.S. 532; *Follese v. Eastern Airlines* (Minn. 1978), 271 N.W. 2d 824.

The case of *Indus. Comm. v. Gardinio* (1929), 119 Ohio St. 539, which is cited by the majority, was distinguished by a later opinion, *Prendergast v. Indus. Comm., supra.* In *Gardinio* compensation benefits were denied for injury which occurred outside Ohio. However, *Prendergast* properly distinguishes *Gardinio,* stating at 541:

"* * * The court especially stressed the further fact that in Gardinio's case the employer had complied with the Workmen's Compensation Act of the state where he was permanently employed and where he was injured, and had secured protection for him in the manner required by the laws of that state. We think the case at bar is distinguishable from the *Gardinio case* because of the difference in facts and for reasons hereinafter stated."

Just as *Prendergast* authorized compensation benefits for the out-of-state injury arising out of transitory employment, so should compensation death benefits be awarded here for the employee's death, both cases being distinguishable from *Gardinio.* Gardinio had recovered compensation from the state of Pennsylvania in accordance with the laws of that state. In *Prendergast* and in the case *sub judice,* the claimants did not receive compensation from the states where their injuries occurred.