**STEELY, Appellant,**

v.

**BOWEIL STORAGE & TRANSIT COMPANY et al., Appellees.**

[Cite as *Steely v. Boweil Storage & Transit Co.* (1989), 65 Ohio App.3d 161.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880289.

Decided Oct. 25, 1989.

*Clements, Mahin & Cohen* and *Edward Cohen,* for appellant.

*Santen, Shaffer & Hughes* and *Robert J. Gehring*, for appellee Boweil Storage & Transit Company.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Gregory M. Nolan*, for appellees James L. Mayfield and Industrial Commission of Ohio.

*Lindhorst & Dreidame* and *Thomas M. Tepe*, for appellee North American Van Lines, Inc.

---

*Per Curiam.*

On June 19, 1984, Ricky Joe Steely was killed in Louisville, Kentucky, when he lost control of the truck he was operating and drove it off an overpass. At the time of his death, Steely was operating a truck owned by defendant-appellee Boweil Storage & Transit Company ("Boweil"), an Ohio agent for defendant-appellee North American Van Lines, Inc. ("NAVL"), under a bill of lading for NAVL, which operates out of Ft. Wayne, Indiana. On July 31, 1979, Steely had signed form C–112, promulgated by the Industrial Commission of Ohio ("commission"), pursuant to R.C. 4123.54. The C–112 form allows employers and employees, in certain circumstances, to choose which jurisdiction will govern potential workers' compensation claims. In the case *sub judice*, the state of Indiana was designated as that jurisdiction. A representative of Boweil signed the C–112 form September 7, 1979, and it was filed with the Ohio Industrial Commission on September 14, 1979.

Following Steely's death, his father, plaintiff-appellant Herman Steely, as guardian for decedent's daughter, Carrie Steely, filed workers' compensation claims on her behalf in both Ohio and Indiana. With respect to the Indiana claim, a settlement was reached with NAVL. The district hearing officer disallowed the Ohio claim, finding that the commission had no jurisdiction because a valid C–112 form had been filed, pursuant to R.C. 4123.54, which named Indiana as the jurisdiction in which compensation would be fixed. The Dayton Regional Board of Review affirmed the district hearing officer's decision, and the commission refused the appeal. Appellant appealed to the court of common pleas. Boweil filed a motion for summary judgment which the trial court denied. Following further discovery, the parties moved for summary judgment. The trial court granted the motions for summary judgment of defendants-appellees and denied plaintiff-appellant's motion. Appellant timely appealed.

Appellant's sole assignment of error alleges the trial court erred in granting appellees' motions for summary judgment and denying appellant's summary-judgment motion.

R.C. 4123.54 provides in pertinent part:

"*Whenever,* with respect to an employee of an employer who is subject to and has complied with sections 4123.01 to 4123.94 of the Revised Code, *there is possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed.* Such agreement shall be in writing and shall be filed with the industrial commission within ten days after it is executed and shall remain in force until terminated or modified by agreement of the parties similarly filed. If the agreement is to be bound by the laws of this state and the employer has complied with sections 4123.01 to 4123.94 of the Revised Code, then the employee is entitled to compensation and benefits regardless of where the injury occurs or the disease is contracted and the rights of the employee and his dependents under the laws of this state shall be the exclusive remedy against the employer on account of injury, disease, or death in the course of and arising out of his employment. If the agreement is to be bound by the laws of another state and the employer has complied with the laws of that state, the rights of the employee and his dependents under the laws of that state shall be the exclusive remedy against the employer on account of injury, disease, or death in the course of and arising out of his employment without regard to the place where the injury was sustained or the disease contracted." (Emphasis added.)

■ R.C. 4123.54 provides in clear and unequivocal terms that agreements, such as the C–112 in the instant case, may be entered into when there is the possibility of conflict with respect to the application of workers' compensation laws because (1) the contract of employment is entered into outside Ohio, and (2) all or some portion of the work is to be performed in a state other than Ohio. R.C. 4123.54 must be strictly construed. *Banta v. Daugherty* (1980), 70 Ohio App.2d 78, 24 O.O.3d 95, 434 N.E.2d 1103. Full compliance with R.C. 4123.54 is necessary to establish the validity of an agreement to be bound exclusively by the workers' compensation law of another state. *Watson v. Toledo Labor Service, Inc.* (1988), 46 Ohio App.3d 141, 546 N.E.2d 424. R.C. 4123.54 is satisfied and the C–112 form can be valid only if the contract of employment is entered into outside the state of Ohio. *Skiba v. Mayfield* (1989), 61 Ohio App.3d 373, 572 N.E.2d 808; *Watson v. Toledo Labor Service, Inc., supra.*

■ It is unclear from the record where the instant employment contract

was entered into.[1] If the employment contract was entered into in Ohio, the C-112 form is invalid and the commission erred in refusing to assert jurisdiction over the matter. Because a genuine issue of material fact exists as to where the employment contract *sub judice* was entered into, the trial court erred in granting appellees' motions for summary judgment.

The portion of appellant's assignment of error which alleges the trial court erred in denying appellant's motion for summary judgment is overruled. The portion of appellant's assignment of error alleging the trial court erred in granting appellees' motions for summary judgment is sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ., concur.

---

1. It is clear from the record that the C-112 was signed and executed in the state of Ohio.