DECISION.
{¶ 1} On July 10, 1997, Michael S. Standring was killed in a work-related accident at the Eastern Kentucky power plant located near Maysville, Kentucky. At the time of his death, Standring was an Ohio resident and his employer was the Trans-Ash division of Gerbus Brothers Construction Company ("Gerbus"). Gerbus is an Ohio corporation that has several divisions and affiliates and has its headquarters in Lockland, Ohio. The plaintiff-appellee, Tanya R. Standring,[1] is the widow of Michael S. Standring ("Standring").
{¶ 2} In the instant appeal, the Administrator of the Ohio Bureau of Workers' Compensation ("Administrator") claims that the trial court erred by granting Tanya Standring's motion for summary judgment, thereby permitting participation in Ohio's workers' compensation fund, and by denying the Administrator's summary-judgment motion. In its entry, the trial court noted that "sufficient contacts" existed in order for the state of Ohio to extend jurisdiction over the workers' compensation claim.
{¶ 3} Initially, we note that the record transmitted to this court does not include a written agreement as to which state's workers' compensation laws would apply in the event of any conflict.[2] At this point in the proceedings, the evidence is not weighed; we only determine whether issues of fact exist.[3] The Administrator argues that Ohio workers' compensation coverage is not available for a person whose employment contract was in Kentucky, and who worked exclusively in Kentucky, was supervised in Kentucky, and was killed in Kentucky.
{¶ 4} Pursuant to Civ.R. 56, summary judgment is appropriate when, with the evidence viewed in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party.[4] The moving party bears the initial burden of pointing out in the record where it is shown that no genuine issue of material fact remains.[5] Once the moving party satisfies its burden, the nonmoving party has the reciprocal burden of setting forth specific facts demonstrating that a genuine issue exists to be litigated.[6] Our review of the entry of summary judgment is de novo.[7]
{¶ 5} The Ohio Supreme Court has stated, "[A]n employee injured outside the state may recover under the Ohio act if the employing industry and his relationship thereto are localized in Ohio."[8] The determination of whether employment is localized in Ohio for purposes of workers' compensation coverage entails an inquiry into the claimant's contacts with the state. In making this determination, courts look at (1) where the employment contract was executed; (2) where the employee's name is included on the payroll reports; (3) where the injury occurred; (4) the employee's residence; (5) where the employee works; (6) whether the employee can receive workers' compensation benefits elsewhere; (7) the relationship between the employee's work and the employer's place of business; and (8) which state has the primary interest in the employee.[9]
{¶ 6} This court has previously said that where Ohio is neither the locus of control and supervision of an employee's work-related activities nor the locus of the injury, but Ohio is the locus of a contract for hire, this contact does not control the issue of localization for workers' compensation purposes when premiums have not been paid in Ohio on behalf of an injured employee.[10] We also note that the Ohio Supreme Court has stated that the place of residence of the employer and employee is not determinative of the participation issue,[11] and that a citizen of Ohio is not protected by the Ohio workers' compensation laws when injured while performing work of a purely local character in another state.[12]
 {¶ 7} Standring's death occurred at his then Kentucky job assignment with Trans-Ash, a division of Gerbus. Although Standring had previously worked for other Gerbus business entities, he had been interviewed and hired specifically for the purpose of working at Trans-Ash's project, the Eastern Kentucky power plant, in Maysville, Kentucky. His day-to-day job duties as an equipment operator were performed at that Kentucky location, under on-site supervision. But Gerbus, having several divisions and affiliate companies, is an Ohio corporation with its headquarters located in Lockland, Ohio. Standring resided in
{¶ 8} Ohio at the time of his death. But, in a deposition of David Paul Langen, a controller employed by Gerbus, he stated that Standring's earnings were included in the workers' compensation gross-earnings amount reported to and audited by Kentucky, and that Gerbus did pay Kentucky workers' compensation premiums. The record is unclear whether Standring's earnings were included in a gross-earnings amount reported to calculate Ohio workers' compensation premiums paid by Gerbus for Standring's Kentucky employment. Kentucky has allowed, and Tanya Standring has received, workers' compensation benefits from Kentucky, paid by CNA, Gerbus's Kentucky workers' compensation insurance carrier. Although it is unclear, the record suggests that, for the purposes of unemployment compensation, premiums were being paid in Kentucky calculated on amounts using Standring's earnings. Ohio taxes were withheld on Standring's earnings.
 {¶ 10} Based on the record transmitted to this court and construing the evidence in the light most favorable to the Administrator, we conclude that a genuine issue of material fact exists as to whether Standring's employment resulted in sufficient contacts with the state of Ohio to allow participation in Ohio's workers' compensation fund. The portion of the Administrator's assignment of error that alleges the trial court erred in denying the Administrator's motion for summary judgment is overruled.[13] The portion of the Administrator's assignment of error that alleges the trial court erred in granting Standring's motion for summary judgment is sustained.[14]
 Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with law and with this Decision.
Judgment reversed and cause remanded.
Doan, P.J., and Hildebrandt, J., concur.
[1] Mrs. Standring's middle initial appears interchangeably throughout the record as either A. or R. In Standring v. Gerbus Bros. Constr. Co. (Sept. 29, 2000), 1st Dist. C-990798, discretionary appeal not allowed (2001), 91 Ohio St.3d 1448, 742 N.E.2d 146, she was identified as administratrix (in a conflict-of-laws dispute in an intentional-tort action filed against Gerbus that proceeded under a different trial number, in which Ohio law applied, and the alleged tort was not covered by the workers' compensation laws).
[2] See R.C. 4123.54.
[3] See Linden v. The Cincinnati Cyclones Hockey Club, L.P. (2000),138 Ohio App.3d 634, 644, 742 N.E.2d 150.
[4] See Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
[5] See Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107,662 N.E.2d 264.
[6] See id. See, also, Civ.R. 56(E); Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, 674 N.E.2d 1164.
[7] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[8] See Prendergast v. Indus. Comm. (1940), 136 Ohio St. 535, 543,27 N.E.2d 235; State ex rel. Stanadyne, Inc. v. Indus. Comm. (1984),12 Ohio St.3d 199, 202, 466 N.E.2d 171; Linden v. The Cincinnati CyclonesHockey Club, L.P. (2000), 138 Ohio App.3d 634, 643, 742 N.E.2d 150.
[9] See Prendergast, 136 Ohio St. at 538-539, 27 N.E.2d 235; Dotson v.Com Trans, Inc. (1991), 76 Ohio App.3d 98, 103, 601 N.E.2d 126.
[10] See Dickerson v. Anchor Motor Freight (Sept. 25, 1991), 1st Dist. No. C-900714.
[11] See Indus. Comm. v. Gardinio (1929), 119 Ohio St. 539, 544,164 N.E.2d 758.
[12] See Spohn v. Indus. Comm. (1941), 138 Ohio St. 42, 49,32 N.E.2d 554, citing Indus. Comm. v. Gardinio (1929), 119 Ohio St. 539,544, 164 N.E.2d 758.
[13] See Steely v. Boweil Storage Transit Co. (1989),65 Ohio App.3d 161, 164, 583 N.E.2d 354.
[14] See id.