Hart, J.
 

 Is the claimant, as a dependent of an Ohio employer’s employee, whose contract of employment as a sales manager and traveling salesman for such corporation required him to perform all his work and service within a territory outside of Ohio prescribed by it, which employment made it convenient for him to reside at a point within that territory to which all instructions relating to his work and his monthly pay checks were transmitted from the employer’s main office in Ohio, and whose accidental death, while in the course of his employment, occurred in his territory under such circumstances that claimant is not entitled to participate in the state insurance funds of states other than Ohio, entitled to participate in the Ohio
 
 *538
 
 State Insurance Fund? This is the sole question to be decided in this case.
 

 There appears to be hopeless confusion in the eases upon the subject of extraterritorial operation and application of the workmen’s compensation laws. This confusion in part results from the variation to be found in the workmen’s compensation statutes of different states. Most states have optional compensation acts while a few have the compulsory type. Ohio belongs to the latter class. The confusion also results from the variety of conceptions as to the ultimate purpose of such laws.
 

 The Restatement of Conflict of Raws, 485, says:
 

 “Workmen’s compensation acts have been interpreted in three ways: first, as the substitution of a statutory tort, for a common-law tort; second, as the regulation of the relationship between employer and employee, which is primarily contractual in character; third, as the creation of a new statutory relation between master and servant, the chief incident of which is to impose upon the master financial responsibility for certain risks of the service.”
 

 The right of an injured employee to participate in the State Insurance Fund of this state is wholly dependent upon and grows out of the employment relationship existing between an employer of this state and such injured employee who is, at the time of injury, employed by such employer and engaged in the course of the employment.
 

 The decisions of the courts frequently turn upon the relative importance given to certain facts in a specific case, such as (1) the place of contract of employment, supposedly carrying with it, as a part of the contract, the law of the state in which the contract was made; (2) the specific provisions of the Workmen’s Compensation Act of the state of the employer with reference to its extraterritorial operation; (3) the state in which the employee’s name and pay are included in payroll
 
 *539
 
 reports submitted by the employer; (4) the place of accident; (5) the residence or domicile of the employee; (6) the place of the employee’s activities or performance of the work assigned; (7) the right of, recovery outside of the state of employment; (8) the relation of the employee’s activities or performance of assigned work to the employer’s place of business, or situs of the industry; and (9) the place or state having supreme governmental interest in the employee, as affecting his social, business and political life. Considerations 1, 2, 7 and 8, above named, enter into the solution of the problem presented by this case. See, generally, 50 Harvard Law Review, 1119, at 1171.
 

 There is no constitutional or statutory inhibition against the application of the Ohio Workmen’s Compensation Act to a case where the employee of an Ohio, employer meets accidental death in the course of his employment outside of Ohio. In fact, there are statutory provisions and implications to the contrary.
 

 Section 35 of Article II of the Ohio Constitution gives permissive authority to the Legislature to pass laws providing for compensation to the employee of “any employer” for accidental injury or to the dependents of such employee in case of his accidental death; and when such legislation is adopted and complied with, the employer is exempted from common-law liability on account of such injury or death, without limitation as to where the accidental injury or death might occur.
 

 Sections 1465-45, 1465-96 and 1465-99, General Code, refer to “employer of the state” in such way that they must be deemed to apply to any employer doing business in Ohio who hires employees to work either in Ohio or elsewhere. Section 1465-68, General Code, provides that compensation is to be paid “wheresoever such injury has occurred” and clearly indicates that, under some circumstances at least, compensation is to be awarded to an Ohio employee who is injured
 
 *540
 
 in the course of his employment in another state. The employer’s liability exemption statute (Section 1465-70, General Code) covers all accidents or deaths “wherever occurring.” Section 1465-72, General Code, refers to the disbursement of the State Insurance Fund as applying to employees “who have been injured in the course of their employment, wheresoever such injuries have occurred.” And, as further evidence that compensation in Ohio for extraterritorial injuries was within the contemplation of the Legislature in adopting the Ohio Workmen’s Compensation Act, Section 1465-90, General Code, relating to appeal to the Common Pleas Court from a decision by the commission against a claimant provides that the claimant “may file a petition in the Common Pleas Court of the county
 
 wherein the
 
 * * *
 
 contract of employment was made in cases where the injury occurs outside the state of Ohio.”
 
 (Italics ours.)
 

 This court has heretofore twice been called upon to pass upon questions analogous to the question now before us. In the case of
 
 Industrial Commission
 
 v. Gardinio, 119 Ohio St., 539, 164 N. E., 758, this court held that “The Ohio workmen’s compensation fund is not available to an employee injured while engaged in the performance of a contract to do specified work in another state, no part whereof is to be performed in Ohio.” However, Judge Matthias, speaking for the court in that case, said:
 

 ‘ ‘ From a consideration of the provisions of our own act, the general question whether such act operates extraterritorially must be answered in the affirmative, and it appears that from the earlier cases coming before the Ohio tribunals charged with the administration of the act it has been thus properly construed and applied. With the exceptions stated in said act, compensation is to be paid to every employee injured, and to the dependents of every employee killed, in the
 
 *541
 
 course of employment, ‘ wheresoever such injury has occurred.’ ”
 

 In the
 
 Gardiwio case,
 
 above cited, the employee of an Ohio corporation was employed to do a specific piece of work at a specified location calling for industrial employment, to wit, the erection of a bridge at Denora, Pennsylvania. The employer had complied with the Workmen’s Compensation Law of Pennsylvania covering Gardinio as its employee. Gardinio was injured in the course of his employment in Pennsylvania and recovered compensation in accordance with the laws of that state. His case before the commission and this court was an attempt to secure double, or at least, additional compensation. This court stressed the fact that no part of the duties of the employee was to be performed in Ohio. Gardinio’s employment was likened to that of employees whose services are to be rendered in the operation of branch factories or subordinate plants in other states and countries where such employees may or may not be residents of Ohio. The court especially stressed the further fact that in Gardinio’s case the employer had complied with the Workmen’s Compensation Act of-the state where he was permanently employed and where he was injured, and had secured protection for him in the manner required by the laws of that state. We think the case at bar is distinguishable from the
 
 Gardiwio case
 
 because of the difference in facts and for reasons hereinafter stated.
 

 The other case previously before this court is that of
 
 Hall
 
 v.
 
 Industrial Commission,
 
 131 Ohio St., 416, 3 N. E. (2d), 367, wherein it was held that one employed by an Ohio employer to serve as a porter on a bus engaged' in interstate commerce and who was injured while the bus was operating in the state of Michigan, was entitled to compensation under the laws of Ohio.
 

 Where an Ohio employer enters into a contract with
 
 *542
 
 a person to perform transitory work outside of this state, without specification as to the exact location or nature of the work, such as that of a traveling salesman, there is no good reason why such person should not have coverage under the Ohio Workmen’s Compensation Act. On the contrary, there is a good reason why such employee engaged in such transitory employment outside the state should have such coverage, and that is because he is generally not entitled to compensation in the foreign state under such circumstances even though he suffers an accident there.
 
 Alaska Packers Assn.
 
 v.
 
 Industrial Accident Commission of California,
 
 294 U. S., 532, 79 L. Ed., 1044, 55 S. Ct., 518.
 

 The Restatement of Conflict of Laws, which constitutes a consensus as to what the American Law is on this subject, says at page 486, Section 398:
 

 “A workman who enters into a contract of employment in a state in which a Workmen’s Compensation Act is in force can recover compensation under the act in that state for bodily harm arising but of and in the course of the employment, although the harm was suffered in another state, unless the act provides in specific words or is so interpreted as to apply to bodily harm occurring within the state.” '
 

 The proviso stated in the rule just quoted is not effective in Ohio, and the rule itself is a rational one when applied to the facts in the case at bar. The situs of the business of Prendergast’s employer was in Ohio; his contract of employment was made in Ohio ; his reports were constantly made to the main office in Ohio and his pay checks were sent out to him from the Ohio office. He was not employed at any particular place, but his employment took him out on the road throughout his territory. His residence was not a matter of his own choice but a matter of convenience for his work. He was not covered as to this accident either by the compensation laws of Missouri where he
 
 *543
 
 resided or by those of Indiana where the accident occurred. He was a traveling salesman with no particular locus of employment. His legal status at the time of his accidental death so far as workmen’s compensation is concerned was not materially different from what it would have been had he been sent out from the Ohio office in the course of his employment to contact the city officials of the city in Indiana where his death occurred.
 

 The purpose of the Workmen’s Compensation Act is to remove the burden of industrial accidents from the individual employee and to make that burden a direct charge upon the industry through which the injury occurs. The employer insures himself against personal liability through the Workmen’s Compensation Act and may charge the cost of such insurance to the cost of goods which he sells or the service which he renders. All the cost plus the profits on the goods sold by Prendergast flowed back to Ohio to the benefit of his employer and to the economic advantage of the state. Under such circumstances, why should his dependent be denied compensation in Ohio? We think these facts differentiate this case from the
 
 Gardinio case
 
 above cited and referred to, and that our decision in this case is not in conflict therewith. In other words, an employee injured outside the state may recover under the Ohio act if the employing industry and his relationship thereto are localized in Ohio. They were so localized in this case.
 

 The rule above stated has received approval in the decisions of a number of courts ofdast resort in states which, like Ohio, have the compulsory type of workmen’s compensation laws. In the case of
 
 Brameld
 
 v.
 
 Albert Dickinson Co.,
 
 186 Minn., 89, 242 N. W., 465, the plaintiff was in the employ of the defendant, a Minnesota corporation, as a traveling salesman. He worked out of Mason City, Iowa, where he lived. He was furnished an automobile, carried samples, visited
 
 *544
 
 the trade, made his routes much upon his own judgment and kept the records of his transactions at his home. While homeward bound in the course of his employment his automobile collided with another and he was killed. The court held that the character of his work and his arrangement with the Dickinson company were such as to bring him within the Minnesota Workmen’s Compensation Act and that his death was compensable in that state. See, also,
 
 State, ex rel. Chambers,
 
 v.
 
 District Court,
 
 139 Minn., 205, 166 N. W., 185, 3 A. L. R., 1347;
 
 Bradtmiller
 
 v.
 
 Liquid Carbonic Co.,
 
 173 Minn., 481, 217 N. W., 680;
 
 Severson
 
 v.
 
 Hanford Tri-State Airlines, Inc.,
 
 105 F. (2d), 622.
 

 In
 
 Anderson, Admx.,
 
 v.
 
 Miller Scrap Iron Co.,
 
 169 Wis., 106, 170 N. W., 275, the defendant was a Wisconsin corporation located at Green Bay. Boncher was a resident of Wisconsin and an employee of the defendant company. The business of the company, a dealer in scrap iron and steel, was carried on almost entirely within the state of Wisconsin. Prior to the time of the accident, the company had purchased the scrap on a small piece of railroad near Iron River, Michigan. Broncher, with several other employees, was sent into Michigan to gather this scrap. On the second day, as they were going to work, the automobile in which they were riding was overturned and Boncher suffered injuries from which he afterwards died. Action was brought by the administratrix of the decedent’s estate against the employer for wrongful death under the law of Michigan. The defendant claimed that its liability was limited to and prescribed by the Wisconsin Workmen’s Compensation Act. The court held that “the liability of the employer under the act being statutory, the net enters into and becomes a part of every contract, not as a covenant thereof, but to the extent that the law of the land is a part of every contract. * * * and the rights and liabilities of the parties thereto are to be determined
 
 *545
 
 in accordance with that law.” See, also,
 
 Jutton-Kelly Co.
 
 v.
 
 Industrial Commission,
 
 220 Wis., 127, 264 N. W., 630.
 

 The very recent case of
 
 Flinn
 
 v.
 
 Remington-Rand, Inc.,
 
 277 N. Y., 641; 14 N. E. (2d), 199, affirming the judgment below (251 App. Div., 578, 297 N. Y. Supp., 899), is one wherein the factual situation was almost identical with that of the case at bar. The plaintiff’s husband was a traveling salesman selling accounting machines, being district sales manager for his employer at Atlanta, Ga., his territory being Georgia, part of Tennessee, part of Florida and South Carolina. He was hired by contract made at the office of his employer at Buffalo, New York. His office was at Atlanta, Georgia, and he resided near that city. He was paid by cheek from the Buffalo office and was under the supervision and control of the sales manager at Buffalo, to which office all his reports were sent. While making a trip for his employer from Atlanta to Jacksonville, he was killed in an automobile accident. The court held that plaintiff’s claim, as a dependent of the decedent, was compensable under the laws of New York. See, also,
 
 Klein
 
 v.
 
 Stoller & Cook Co.,
 
 220 N. Y., 670, 116 N. E., 1055;
 
 Hospers
 
 v.
 
 J. Hungerford Smith Co.,
 
 230 N. Y., 616, 130 N. E., 916; and
 
 Ayers
 
 v.
 
 Bunn Pen & Pencil Co.,
 
 244 N. Y., 557, 155 N. E., 895.
 

 This court is in agreement with the judgment of the Court of Appeals, and its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.