THE STATE, EX REL. HERBERT, ATTY. GENL., APPELLEE,
v. DEMING, APPELLANT.

(Decided November 25, 1940.)

*Mr. Thomas J. Herbert,* attorney general, *Mr. Percy R. Taylor* and *Mr. Howard W. Boggs,* for appellee. *Messrs. Geer, Lane & Downing,* for appellant.

CARPENTER, J. The defendant, appellant herein, Hubert V. Deming, operated a small paint manufacturing business in Toledo. He employed two men in the factory and one traveling salesman, all of them whole-time employees. One of the factory workers was injured while at work and died from the injury. His mother, claiming dependency upon him, filed a claim for compensation with the Industrial Commission, and the defendant, who had not complied with the compensation act, resisted the claim on the ground he was not amenable to the act.

The commission allowed the claim, and on the refusal of the defendant to pay it, this action was brought by the Attorney General under Section 1465-74, General Code. The answer alleges that at no time within one year of the injury did he "have in his service three or more workmen or operatives regularly in the business in which he was then engaged or in or about the same establishment." At the trial a jury was waived and at the close of all the evidence both

parties moved for judgment. The court granted plaintiff's motion. Defendant appealed on questions of law. The error assigned and urged is that the judgment is contrary to law. There is no dispute about the facts.

The only question is: In determining amenability does a traveling salesman count as one of the three "workmen or operatives" required within the meaning of Section 1465-60, subdivision 2, General Code?

The material part of that section, which says who are amenable employers, is as follows: "Every person * * * that has in service three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire * * *."

The material part of Section 1465-61, General Code, is as follows:

"The term 'employee,' 'workman' and 'operative' as used in this act, shall be construed to mean: * * *

"2. Every person in the service of any person, * * * employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, * * * but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer."

It is conceded that a traveling salesman of an amenable employer is within the protection of the act. Section 1465-68, General Code, says "every employee mentioned in Section 1465-61 who is injured * * * shall be paid such compensation." The term "employee" is likewise used in describing persons compensable, in Sections 1465-68a, 1465-68b, 1465-73 and 1465-74, General Code.

A traveling salesman is an "employee" within the meaning of these sections. This was recognized in *Prendergast* v. *Industrial Commission,* 136 Ohio St., 535, 27 N. E. (2d), 235.

Had defendant sought to comply with the act, he would have had to list the salesman's wages as part of his pay roll.

Defendant points out that in Section 1465-60, General Code, in counting employees, only "workmen" and "operatives" are mentioned, and he argues that these terms refer only to laborers or workmen in and about the factory, plant or premises of employment. Section 35, Article II of the Constitution of Ohio, which gives validity to the whole state compensation system, uses both the terms "workmen" and "employees." The opinion in *Goldberg* v. *Industrial Commission*, 131 Ohio St., 399, 402, 3 N. E. (2d), 364, says those terms are there used "interchangeably." In Section 1465-61, General Code, quoted above, the terms "employee," "workman" and "operative" are used and defined as synonymous or interchangeable.

Decisions by the courts of New York are cited as supporting defendant's distinctions in reference to these terms, but an examination of the statute of that state discloses such differences in its provisions from those in the Ohio act that those decisions are not an authority here.

Within the spirit of both the Ohio Constitution, the Workmen's Compensation Act and the application that has been given them since their adoption in 1912 and 1913, a traveling salesman is an employee, not only for the purposes of compensation, but is to be counted in determining amenability. Hence, the judgment is right and is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.