OPINION
Defendant-appellant, Ohio Bureau of Workers' Compensation, appeals from a decision of the Franklin County Court of Common Pleas granting the summary judgment motion of plaintiff-appellee, Direct Transit, Inc., and denying the summary judgment motion of appellant.
In 1993, appellant conducted an audit of appellee for the payroll reporting periods between January 1, 1989, and December 31, 1992. Based upon this audit, appellant then retroactively assessed appellee premiums for its Ohio resident drivers for this period. Appellee filed an audit protest with the Bureau of Workers' Compensation, but both the Adjudicating Committee of the Ohio Bureau of Workers' Compensation and the Ohio Workers' Compensation Subcommittee subsequently affirmed the decision of the Auditing Section assessing appellee for premiums for this period.
Having exhausted its administrative remedies, appellee filed a declaratory judgment action in the Franklin County Court of Common Pleas on May 2, 1995, seeking a declaration that it was not required to pay any Ohio workers' compensation premiums for its Ohio resident drivers. Appellee filed a summary judgment motion on December 7, 1995, and appellant filed a cross-motion for summary judgment on January 25, 1996. The trial court issued a decision on July 15, 1996, granting appellee's summary judgment motion and denying appellant's summary judgment motion. The trial court found that there were no genuine issues of material fact that appellee's drivers engage solely in interstate commerce, that the employment contracts of appellee's drivers were not consummated in Ohio, and that appellee did not have a supervisory office for its drivers in Ohio. Additionally, the trial court found that appellee was liable for the few Ohio workers' compensation claims that appellee had previously erroneously certified for its drivers. On September 27, 1996, the trial court filed a journal entry adopting its decision.
Appellant filed a timely notice of appeal on October 24, 1996. However, appellee had filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court, Northern District of Iowa, Western Division, on October 21, 1996. Appellant filed a notice of bankruptcy and a motion for stay on November 22, 1996. This court granted the stay on December 27, 1996, pending release by the bankruptcy court. The bankruptcy court modified the automatic stay on March 15, 2000, to allow the resolution of this appeal.
On appeal, appellant asserts four assignments of error:
 I. The Trial Court Erred By Not Granting Defendant-Appellant's Motion For Summary Judgment.
 II. The Trial Court Erred By Holding That Two Of The Criteria Of Ohio Administrative Code 4123-17-23(A) Were Not Satisfied.
 III. The Trial Court Applied The Totality Of The Circumstances Test, Incorrectly.
 IV. The Trial Court Erred By Granting Plaintiff-Appellee's Motion For Summary Judgment Because There are Genuine Issues Of Material Fact.
Appellee is an international trucking company based in North Sioux City, South Dakota, and is engaged in trucking throughout the continental United States and Canada. Appellee operated a regional driver recruitment and maintenance facility in Ohio from 1989 through 1995, first in North Canton and later in Louisville. Appellee paid Ohio workers' compensation premiums for the clerical and maintenance staff at the Ohio facility. However, appellee did not pay Ohio premiums for any of its drivers, including those who were Ohio residents; instead, appellee paid workers' compensation premiums for these drivers in other states. Appellee concedes that it inadvertently certified several workers' compensation claims for Ohio resident drivers whose claims were then paid out of the Ohio fund despite appellee not paying Ohio premiums for these drivers.
We address appellant's first, second and fourth assignments of error together because they are interrelated. Appellant argues that the trial court erred by granting appellee's summary judgment motion and by not granting appellant's summary judgment motion in that the provisions of Ohio Adm. Code 4123-17-23(A) were satisfied. We disagree.
An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination.Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54, 58. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. Maust v. Bank OneColumbus, N.A. (1992), 83 Ohio App.3d 103, 107. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that:
 * * * (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511 (citingTemple v. Wean United, Inc. [1977], 50 Ohio St.2d 317, 327). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
The parties argued and the trial court found that Ohio Adm. Code4123-17-23 is applicable to determine whether appellee must pay Ohio workers' compensation premiums for its Ohio domiciled truck drivers. Ohio Adm. Code 4123-17-23(A) provides that "[t]he entire remuneration of employees, whose contracts of hire have been consummated within the borders of Ohio, whose employment involves activities both within and without the borders of Ohio, and where the supervising office of the employer is located in Ohio, shall be included in the payroll report." Both parties agreed in their summary judgment motions that all three factors of Ohio Adm. Code 4123-17-23(A) must be satisfied for appellee to be required to pay Ohio workers' compensation premiums for these truck drivers.
It is undisputed that appellee's truck drivers are involved exclusively in interstate commerce, so the trial court found that there was no genuine issue of material fact that this factor of Ohio Adm. Code4123-17-23(A) was satisfied. Additionally, the trial court found, based upon the evidence in the record, that there were no genuine issues of material fact that the other two factors were not satisfied. Thus, the trial court concluded that appellee was not required to pay workers' compensation premiums in Ohio for these truck drivers, granted appellee's summary judgment motion, and denied appellant's summary judgment motion. Appellant argues that the trial court should have granted its summary judgment motion because all of the factors of Ohio Adm. Code 4123-17-23(A) were satisfied. However, appellant also argues, in the alternative, that there are genuine issues of material fact that precluded the trial court from granting appellee's summary judgment motion. Appellee argues that the trial court properly concluded that the factors of Ohio Adm. Code4123-17-23(A) were not satisfied and that the trial court's decision should be affirmed.
As noted above, all three factors of Ohio Adm. Code 4123-17-23(A) must be satisfied for appellee to be required to pay Ohio premiums for its Ohio resident truck drivers. Upon a review of the record, we agree with the trial court that there are no genuine issues of material fact that appellee did not have a supervising office for any of its truck drivers in Ohio. As the trial court indicated, there is no definition of "supervising office" or "supervision" in the Ohio Administrative Code, but the ordinary meaning of "supervision" entails the exercise of control over the day-to-day activities of employees. The evidence reveals that appellee's drivers were supervised by dispatchers located in the home office in South Dakota via a satellite computer system installed in all trucks. Drivers received their initial assignments and direction on day-to-day pickups and deliveries from the dispatchers. The dispatchers also communicated to drivers when they were to come in to one of appellee's facilities for maintenance, and the Ohio facility was only one of appellee's several maintenance facilities where the drivers were instructed to go depending on their location at the time. When drivers were involved in accidents or sustained injuries on the job, they reported these incidents to South Dakota, either by calling or using the satellite link in the truck. Dispatchers also communicated changes in company policies to drivers through the satellite system. Employees at the Ohio facility had no authority to direct the daily activities of appellee's drivers. In fact, the employees at the Ohio facility had no ability to contact drivers when they were on the road. The only communication with drivers on the road came from their daily contacts with the dispatchers in South Dakota.
Appellant relies heavily on the fact that some drivers were recruited and received their orientation at the Ohio facility to make the argument that Ohio resident drivers were supervised at the Ohio facility. Additionally, appellant relies on the fact that drivers sometimes were terminated at the Ohio facility and that they could ask questions of employees at the facility when they were there for maintenance. However, the testimony of both of appellee's former Ohio terminal managers, Timothy Mobley and Greg Rassi, indicates that the primary function of the Ohio facility was the recruiting and screening of truck drivers and providing maintenance for appellee's trucks. Mobley, Rassi and James DelPuppo, who served as driver-trainer-supervisor under both Mobley and Rassi, were responsible for gathering paperwork for driver applicants and screening applicants based on guidelines and criteria established by appellee. DelPuppo conducted road tests for applicants and training of new drivers, including appellee's orientation program covering company policies. The employees at the Ohio facility also occasionally served as a conduit to communicate information from the South Dakota office to drivers who were at the Ohio facility for maintenance. With regard to terminating drivers, Mobley explained that they could terminate a driver only under two circumstances. First, when the South Dakota office communicated to him that a driver was being routed to the Ohio facility, under the pretense of maintenance, for the purpose of an employee of the Ohio terminal to secure the truck, collect the keys, communicate the termination, and arrange for the driver to be transported home. Second, they could terminate a driver who was at the facility for maintenance if they discovered clear violations of company policy, such as when a driver smelled of alcohol, kept the truck in a filthy condition, or allowed unauthorized individuals to ride in the truck with the driver.
Even when this evidence is viewed in a light most favorable to appellant, it does not create a genuine issue of material fact about the supervision of Ohio resident drivers from the Ohio facility. Contrary to appellant's assertion, Ohio resident drivers could be sent to any of appellee's numerous maintenance facilities in the U.S. for service, depending on where they happened to be at the time. The only daily contact they had from appellee was through its dispatchers in South Dakota. Also, terminations at the Ohio facility were limited to carrying out decisions made by the home office in South Dakota (which again could occur at any of appellee's facilities depending on where the driver was at the time) or enforcing clear violations of company policy, such as for alcohol abuse. The assertions in DelPuppo's affidavit upon which appellant relies were fully explained by both Mobley and Rassi, who were DelPuppo's immediate supervisors and intimately familiar with his duties. The fact that the person who provides orientation for newly hired drivers is able to answer procedural or personal questions for drivers who happen to be at the facility for maintenance does not rise to the level of supervision.
Finally, the only evidence that there was supervision was the conclusory statements in the affidavit and deposition of Ann Gammertsfelder, an attorney employed by appellant. These bald assertions were properly not considered by the trial court under Civ.R. 56(E) because they were not based on her personal knowledge but were, instead, based on her review of the record.
Even assuming arguendo that there are genuine issues of material fact as to whether the contracts of employment for truck drivers were consummated in Ohio, summary judgment was proper for appellee because all three factors of Ohio Adm. Code 4123-17-23(A) were not satisfied. Therefore, the trial court did not err by granting appellee's summary judgment motion and denying appellant's summary judgment motion.
Thus, appellant's first, second and fourth assignments of error are overruled.
In appellant's third assignment of error, it argues that the trial court erred by incorrectly applying the totality of the circumstances test. We disagree.
Appellant argues that the trial court should have applied the test fromPrendergast v. Indus. Comm. (1940), 136 Ohio St. 535, 543, to conclude that appellee was required to pay Ohio premiums for its Ohio resident drivers because their employment was sufficiently associated with Ohio and localized in Ohio. Appellee argues that the trial court was correct in concluding that Prendergast does not apply to these facts. InPrendergast, the Supreme Court of Ohio indicated that "an employee injured outside the state may recover under the Ohio act if the employing industry and his relationship thereto are localized in Ohio." Id. The trial court found that Prendergast was inapplicable because it concerned whether an employee who entered into an employment contract in Ohio and who was injured in another state was entitled to recover workers' compensation benefits in Ohio, rather than whether an employer had to pay Ohio premiums for workers who are residents of Ohio but are employed outside of Ohio and for whom workers' compensation premiums are paid in other states. Additionally, the trial court noted that, even if thePrendergast test applied, it was factually distinguishable in that appellee does not pay its drivers from Ohio, does not require its drivers to report their activities in Ohio, and pays workers' compensation premiums for its Ohio resident drivers in other states.
Upon our review of Prendergast and subsequent case law interpreting and applying it, we agree with the trial court that Prendergast is inapplicable here. See, e.g., State ex rel. Stanadyne, Inc., v. Indus.Comm. (1984), 12 Ohio St.3d 199, 202 (the Supreme Court of Ohio applyingPrendergast to determine whether claimant's employment was localized in Ohio thereby allowing him to recover benefits from the Ohio fund for an injury outside of Ohio); Dailey v. Trimble (Dec. 29, 1995), Franklin App. No. 95APE07-951, unreported (this court also applying thePrendergast test to determine whether a claimant's employment was localized in Ohio to allow him to recover Ohio workers' compensation benefits for an injury that occurred outside Ohio). Additionally, appellant offers no legal authority as to why the Prendergast test would apply instead of or in addition to Ohio Adm. Code 4123-17-23(A), an administrative rule promulgated by appellant's own agency and that served as the basis of appellant's arguments in the prior administrative proceedings. Consequently, the trial court did not err by finding thatPrendergast is inapplicable. Appellant's third assignment of error is overruled.
Based upon the foregoing reasons, appellant's four assignments of error are overruled, and the decision of the Franklin County Court of Common Pleas is affirmed.
 _________________ KENNEDY, J.
BOWMAN, P.J., concurs. DESHLER, J., concurs in part and dissents in part.