While I would affirm and join the majority with respect to the first and third assignments of error, I dissent from the majority's decision with respect to the second and fourth assignments of error.
The major issue in this case involves the question of whether appellee's, Direct Transit's, Ohio truck drivers, as residents of Ohio, had sufficient contact with Ohio to conclude that workers' compensation premiums should be paid for such employees. And more precisely, required as a part of the analysis of the question, is whether the drivers were supervised in Ohio. As the record reveals, appellee operated a regional driving, training, maintenance and administrative facility in Ohio from 1989 to 1995; first in Canton, Ohio, then in Louisville, Ohio. Appellee paid workers' compensation premiums based on the payroll for the maintenance and clerical staff, but not on the Ohio resident drivers who worked out of these facilities.
The majority, in concluding summary judgment was proper against appellant, Ohio Bureau of Workers' Compensation, concludes that there was insufficient supervision to warrant a finding that the drivers were Ohio employees for workers' compensation purposes. Since there is not much of an issue regarding the contracts of hire of the drivers being consummated in Ohio, it is important to look at Ohio Adm. Code 4123-17-23(A), which states:
 The entire remuneration of employees, whose contracts of hire had been consummated within the border of Ohio, whose employment involves activities both within and without the borders of Ohio, and where the supervising of the employers located in Ohio shall be included in the payroll report.
The resolving of the supervision issue in Ohio is central to the majority's conclusion affirming the trial court's decision granting summary judgment to appellee. However, the conflicting evidence relating to supervision creates a genuine issue of fact that precludes the granting of summary judgment. The majority views the case of Prendergastv. Indus. Comm. (1940), 136 Ohio St. 535, as inapplicable to the case subjudice. And while the factual background in Prendergast is distinguishable from the case before us, the principles relating to the resolution of the problem of whether appellee was amenable to Ohio's Workers' Compensation Laws was applicable and is still viable as a guide to the court. As stated in Prendergast, supra:
 The decisions of the courts frequently turn upon the relative importance given to certain facts in a specific case, such as (1) the place of contract of employment, supposedly carrying with it, as a part of the contract, the law of the state in which the contract was made; (2) the specific provisions of the Workmen's Compensation Act of the state of the employer with reference to its extraterritorial operation; (3) the state in which the employee's name and pay are included in payroll reports submitted by the employer; (4) the place of accident; (5) the residence of domicile of the employee; (6) the place of the employee's activities or performance of the work assigned; (7) the right of recovery outside of the state of employment; (8) the relation of the employee's activities or performance of assigned work to the employer's place of business, or situs of the industry; and (9) the place or state having supreme governmental interest in the employee, as affecting his social, business and political life. Considerations 1, 2, 7 and 8, above named, enter into the solution of the problem presented by this case. See, generally, 50 Harvard Law Review, 1119, at 1171.
 In the later case, decided by the Sixth District Court of Appeals, in Dotson v. Com Trans, Inc. (1991), 76 Ohio App.3d 98, the court of appeals, in dealing with a factually distinguishable case but relevant as to the issue of sufficient state contacts, stated:
 These cases indicate that the following factors should be considered by the court in determining whether sufficient contacts exist: (1) where the injury occurred, (2) where the employment contract was entered into, (3) where the employer's principal place of business is located or where the employee's supervisor is located, (4) the work to be performed in Ohio and its relation to the employment as a whole, and (5) where the work is to be performed solely in another state or exclusively in interstate commerce.
It is apparent that Prendergrast is of some guidance and still has vitality when considering the issues before us. However, the majority rejects the application of Prendergrast in deciding there was no genuine issue of material fact on the question of supervision, the more specific issue within the broader issue of sufficient Ohio contacts.
The contentions of the parties in the case before us resolves to a dispute of material facts relating to sufficient contacts, including the dispute relating to supervision. Under such circumstances, the majority, by affirming the trial court's decision, allows the granting of summary judgment to appellee to stand. For reasons already stated, I disagree with this conclusion and, therefore, dissent.