OPINION
{¶ 1} Appellants/Cross-Appellees, the Bureau of Workers' Compensation and JEOL, Inc., appeal from a summary judgment rendered in favor of Appellee/Cross-Appellant Robert E. Turner on his claim that he is entitled to participate in the workers' compensation program. Appellants argue that Turner was not eligible to participate in Ohio's workers' compensation program because he lacked sufficient contacts with the State of Ohio. Turner cross-appealed, contending that the trial court erred in granting the Bureau's motion for relief from judgment. After finding that the Bureau's failure to have appealed from the judgment rendered against it was due to excusable neglect, the trial court vacated that judgment, and then re-entered it, so as to afford the Bureau the opportunity to perfect a timely appeal to this court.
 {¶ 2} We conclude that the trial court did not err in finding that Turner's employment was localized in Ohio and that he was, therefore, eligible to participate in Ohio's workers' compensation system. Accordingly, the judgment of the trial court is affirmed. We find Turner's cross-appeal moot, in view of our disposition of the Bureau's appeal.
 I {¶ 3} In 1979 JEOL, Inc. hired Robert Turner in the State of Michigan. In 1987, although continuing his employment with JEOL, Inc., Turner moved to Ohio, where he continues to reside and where he pays income tax.
 {¶ 4} On November 3, 1998, in the scope of his employment, Turner was servicing an electron microscope in New Jersey. At that time 70% to 80% of his work was performed in Ohio. Turner also regularly worked in Kentucky, Michigan, New York, and Pennsylvania, but not in New Jersey. While reassembling a microscope, Turner's feet slipped, and he fell, injuring his back. He filed for workers' compensation benefits in New Jersey, and received approximately $69,000 in compensation and medical benefits.
 {¶ 5} In 2000, Turner filed for workers' compensation benefits in Ohio. The Bureau denied the application because Turner was not hired in Ohio. Turner appealed to the Industrial Commission of Ohio, which also denied the claim because Turner did not have sufficient contacts with the State of Ohio to warrant benefits. Turner then appealed to the Miami County Common Pleas Court pursuant to R.C. § 4123.512.
 {¶ 6} All of the parties filed motions for summary judgment in the trial court. The court rendered summary judgment in favor of Turner, holding that his employment was localized in Ohio. No appeal was taken. Instead, the Bureau filed a Civ.R. 60(B) motion for relief from judgment, contending that its failure to recognize that the trial court's "Decision" was, in fact, a judgment, was excusable neglect. The trial court sustained the Bureau's motion for relief from judgment, but immediately re-entered summary judgment for Turner, for the same reasons upon which its original judgment was based. The Bureau and JEOL appeal from the re-entered summary judgment. Turner cross-appeals from the order granting the Bureau relief from the original summary judgment.
 II {¶ 7} Appellant JEOL presents two interrelated assignments of error, which both the Bureau and Turner argue as a single assignment of error. For easier analysis, we shall also address the two assignments of error together.
 {¶ 8} JEOL's first assignment of error is as follows:
 {¶ 9} "Plaintiff-Appellee is not entitled to participate in Ohio's workers' compensation system because he lacks sufficient contacts with the State of Ohio in order to benefit."
 {¶ 10} JEOL's second assignment of error is as follows:
 {¶ 11} "The trial court erred in not granting summary judgment to Defendant-Appellant and by granting summary judgment to Plaintiff-Appellee."
 {¶ 12} Appellate review of a trial court's decision granting a motion for summary judgment is de novo. Doe v. Shaffer, 90 Ohio St.3d 388,390, 2000-Ohio-186, citations omitted. Civil Rule 56(C) provides that summary judgment shall be granted when the filings in the action, including depositions and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 {¶ 13} As we have previously noted, the purpose of Ohio's workers' compensation system is to provide compensation to employees and their families for injuries or death that occur while on the job. Lynch v.Mayfield (1990), 69 Ohio App.3d 229, 233, 590 N.E.2d 351, citing Section 35, Article II, Constitution. As a result, workers' compensation legislation must be liberally construed in favor of the injured or deceased employee and his family. Id., citing R.C. § 4123.95.
 {¶ 14} Ohio's workers' compensation system is not limited only to employees who are injured within the state. Id. Therefore, when considering the eligibility of an injured employee to participate in Ohio's workers' compensation system, there are several factors to consider, including: (1) where the employee was hired; (2) the provisions of the workers' compensation act of the employer's state; (3) the state where the employee's payroll is processed; (4) the place of the accident; (5) the state of residence of the employee; (6) the location of the employee's work activities; (7) the right of recovery outside the state of employment; (8) the relationship between the location of the employee's activities and the location of the employer's place of business; and (9) the state having supreme governmental interest in the employee, as affecting his social, business and political life.Prendergast v. Industrial Com'n of Ohio (1940), 136 Ohio St. 535,538-39, 27 N.E.2d 235.
 {¶ 15} In the case before us, several of these factors weigh in favor of allowing Turner's participation in Ohio's workers' compensation system. For example, it is undisputed that Turner is a resident of Ohio and that he pays taxes in this state. Although Turner was injured in New Jersey, he did not regularly work there. In fact, he had never been sent there before. Instead, at least 70% of Turner's employment duties take place in Ohio. In Dotson v. Com Trans, Inc. (1991), 76 Ohio App.3d 98,104-5, 601 N.E.2d 126, the Sixth District Court of Appeals found the existence of nearly the same factors sufficient to invoke the Ohio Workers' Compensation Act.
 {¶ 16} Furthermore, the fact that Turner received workers' compensation benefits from the State of New Jersey does not foreclose the possibility of his also receiving benefits from the State of Ohio. Revised Code Section 4123.54 states: "If any employee . . . [is] awarded workers' compensation benefits . . . under the laws of another state, the amount awarded . . ., whether paid or to be paid in future installments, shall be credited on the amount of any award of compensation or benefits made to the employee . . . by the bureau." Thus, the General Assembly has expressly recognized that a claimant may receive benefits from another state's workers' compensation system, while also receiving Ohio workers' compensation benefits. See, e.g., Lynch, supra, at 235.
 {¶ 17} We conclude that Turner's employment was sufficiently localized in Ohio to warrant his participation in Ohio's workers' compensation system. Accordingly, Appellants' assignments of error are overruled.
 III {¶ 18} Turner's cross-assignment of error is as follows:
 {¶ 19} "The trial court committed error when it sustained a Civ.R. 60(B) motion and vacated its judgment entry of October 12, 2001 and immediately replaced it with the same findings on September 6, 2002, when the motion was filed for the express purpose of extending the appeal time in this case, and there was no legal basis supporting the motion."
 {¶ 20} We find it unnecessary to resolve this interesting issue. The significance of the issue is that if the trial court erred in vacating its earlier judgment, then the Bureau and JEOL, not having filed timely notices of appeal from that judgment, would be barred from raising the issues they have raised in this appeal. Since we have found those issues to be without merit, and have affirmed the subsequently rendered judgment, which is identical to the earlier judgment of the trial court, the issue raised in Turner's cross-appeal is moot. Any error in the trial court's having vacated its earlier judgment is moot, since Turner has an identical judgment in his favor, which is now affirmed on appeal.
 {¶ 21} Turner's assignment of error is overruled as moot.
 IV {¶ 22} The assignments of error of the Bureau and JEOL having been overruled, and Turner's assignment of error having been overruled as moot, the judgment of the trial court is affirmed.
BROGAN and WOLFF, JJ., concur.