JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellants, James Conrad, Administrator of the Bureau of Workers' Compensation, and the Industrial Commission of Ohio (collectively "the Bureau"), appeal the trial court's judgment holding that defendant-appellant, Tanya R. Standring, is entitled to participate in the Ohio workers' compensation fund. Standring's husband, Michael Standring, was killed in an industrial accident in Kentucky while he was working for the Trans-Ash division of Gerbus Brothers Construction Co. Gerbus is an Ohio corporation that has several divisions and affiliates. Its headquarters are located in Lockland, Ohio.
Standring filed a complaint asking for a judgment that she and her children were entitled to participate in the Ohio workers' compensation fund. The trial court had originally granted her motion for summary judgment. On appeal, this court held that genuine issues of material fact existed as to whether Michael Standring's employment resulted in sufficient contacts with the state of Ohio to allow participation in the Ohio workers' compensation fund. We remanded the case for further proceedings consistent with our decision. Standring v. Gerbus Bros.Construction Co., 1st Dist. No. C-010739, 2002-Ohio-5816.
On remand, the court held a bench trial. After hearing the evidence, it held that "[i]n as much as all of the significant State contacts under these circumstances, except for one being the place of the injury, are all Ohio contacts, it is the conclusion of the Court that there are sufficient contacts with the State of Ohio to entitle the estate of Sam [sic] Standring to participate in the Ohio Workers' Compensation Fund." This appeal followed.
In its sole assignment of error, the Bureau states that the trial court erred by allowing Standring to participate in the workers' compensation fund. It argues that the trial court employed the wrong analysis and that Michael Standring's employment was localized in Kentucky. This assignment of error is not well taken.
An employee injured outside of Ohio may recover under the Ohio Workers' Compensation Act if "the employing industry and his relationship thereto are localized in Ohio." State ex rel. Stanadyne, Inc. v. Indus. Comm. ofOhio (1984), 12 Ohio St.3d 199, 466 N.E.2d 171, quoting Prendergast v.Indus. Comm. (1940), 136 Ohio St. 535, 27 N.E.2d 235; Standring, supra. The determination of whether employment is localized in Ohio entails an inquiry into the claimant's contacts with the state of Ohio, with various factors to be considered. Prendergast, supra; Dotson v. Com Trans, Inc.
(1991), 76 Ohio App.3d 98, 601 N.E.2d 126; Standring, supra.
Our review of the record shows that the trial court correctly applied the law as set forth by this court in the previous appeal. It also shows that competent, credible evidence supported the court's finding that Michael Standring had sufficient contacts with the state of Ohio to show that his employment was localized in Ohio and to allow his participation in the workers' compensation fund. Therefore, this court will not disturb that finding. See Shemo v. Mayfield Hts., 88 Ohio St.3d 7, 2000-Ohio-258,722 N.E.2d 1018; C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578. We overrule the Bureau's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.