## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Salvadori,                                          :
           Petitioner                          :
                                              :   No. 2166 C.D. 2015
          v.                                 :
                                              :   Argued:  October 18, 2016
Workers' Compensation  Appeal                           :
Board (Uninsured Employers                               :
Guaranty Fund and Farmers                                :
Propane, Inc.),                                          :
           Respondents                         :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge (P.)


OPINION BY
JUDGE McCULLOUGH                       FILED:  December 5, 2016


Mark Salvadori (Claimant) petitions for review of the October 9, 2015 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) insofar as she granted Claimant's claim petition against Farmers Propane, Inc. (Employer), but reversed the WCJ's decision insofar as she granted Claimant's claim petition against the Uninsured Employers Guaranty Fund (UEGF).


## Facts and Procedural History

Employer operates a trucking business in Ohio.  Employer hired Claimant as a truck driver.  Claimant worked almost exclusively in Pennsylvania, with a specific route from Pittsburgh, Pennsylvania to Blair, Pennsylvania.  Claimant would also make an occasional trip to Maryland.  In the course and scope of his

employment on February 4, 2013, Claimant sustained numerous injuries after his truck was struck by another truck. At the time, Claimant was parked at a truck stop in Pennsylvania and he was doing paperwork in the front seat of his cab. Another truck apparently lost its brakes coming down a hill and ran directly into Claimant's truck. He blacked out upon impact and woke up on the sleeper floor in the rear of his cab. Claimant had to be extricated by rescue personnel as the cab of his truck was totaled. (WCJ's Findings of Fact Nos. 6(c)-(d), (p).)

As a result of the accident, Claimant sustained injuries to his right shoulder, right arm, neck, hips, legs, and head. Claimant was initially transported to a hospital in West Virginia and later sought treatment with his personal physician and several specialists. Claimant spoke with his supervisor both on the day of the accident and the day after to advise him of the accident and his resultant injuries. Claimant has been unable to return to work due to his injuries. (WCJ's Findings of Fact Nos. 6(e)-(m).)

On February 15, 2013, Claimant filed a claim petition against Employer alleging the injuries noted above. The petition was assigned to the WCJ with a notation that insurance coverage could not be determined. (WCJ's Finding of Fact No. 1.) At a pre-trial hearing on April 5, 2013, counsel for Employer "tentatively" appeared on its behalf, noting an apparent lack of coverage in Pennsylvania and recommending that Claimant initiate a claim against the UEGF. (Reproduced Record (R.R.) at 3a.) Employer filed an untimely answer on June 24, 2013,[1] denying the material allegations of Claimant's petition and stating that it had no Pennsylvania

---

[1] As a result, the WCJ later granted a motion filed by Claimant pursuant to *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 423 A.2d 1125 (Pa. Cmwlth. 1981), and deemed admitted all well pled factual averments in Claimant's petition against Employer. (WCJ's Finding of Fact No. 5.)

2

insurance. In the meantime, Claimant filed a notice of claim with the UEGF on April 19, 2013. (WCJ's Finding of Fact No. 2.) Shortly thereafter, on May 13, 2013, Claimant filed a claim petition against the UEGF alleging the same injuries. The UEGF filed an answer denying the material allegations of Claimant's petition. The UEGF also denied that Claimant complied with the notice requirements of section 1603(b) of the Workers' Compensation Act (Act).[2] This petition was consolidated with Claimant's earlier claim petition for purposes of hearing and decision by the WCJ.

At a hearing held on April 24, 2013, newly-retained counsel confirmed that Employer did not have Pennsylvania workers' compensation insurance coverage for the alleged injury date. Since Employer had not filed proof of insurance coverage consistent with section 1605 of the Act, 77 P.S. §2705,[3] the WCJ noted that there was a rebuttable presumption of uninsurance. (WCJ's Finding of Fact No. 3.) The matter proceeded with further hearings. Claimant testified regarding the accident, his resultant injuries, and his continuing medical treatment for the same. Claimant stated that he never applied for Ohio workers' compensation benefits and never submitted any documentation to the Ohio Bureau of Workers' Compensation.

Claimant also offered the deposition testimony of Steven Grossinger, D.O., who is board-certified in psychiatry and neurology, as well as pain medicine.

---

[2] Act of June 2, 1915, P.L. 736, added by the Act of November 9, 2006, P.L. 1362, 77 P.S. §2703. Section 1603(b) requires an injured worker to "notify the fund within 45 days after the worker knew that the employer was uninsured." 77 P.S. §2703(b).

[3] Added by the Act of November 9, 2006, P.L. 1362. Section 1605(a) provides that "[w]ithin ten days of notice of a claim, [UEGF] shall demand from the employer proof of applicable insurance coverage. Within 14 days from the date of [UEGF's] request, the employer must provide proof of insurance. If the employer does not provide proof, there shall be [sic] rebuttable presumption of uninsurance." 77 P.S. §2705(a).

Dr. Grossinger first saw Claimant on March 6, 2013, at which time Claimant had been diagnosed with a right shoulder rotator cuff tear, injury to the anterior chest wall, and disc herniations in his neck and low back. At the time, Claimant also suffered from concussion symptoms, including headaches, nausea, and vertigo, and experienced trouble with concentration and forgetfulness. Claimant received several epidural steroid injections in his lower back and underwent multiple diagnostic studies, including EMGs and MRIs. Dr. Grossinger testified that the results of these studies were consistent with the injuries Claimant sustained as a result of the February 4, 2013 work accident. Dr. Grossinger opined that Claimant was unable to return to his pre-injury job and required further medical treatment, but could perform some type of sedentary work.

Neither Employer nor the UEGF presented any medical or fact witnesses in rebuttal. The WCJ accepted the testimony of Claimant and Dr. Grossinger as credible and persuasive. The WCJ noted that the UEGF submitted evidence, without objection by Claimant, in an attempt to rebut the presumption of uninsurance, including a section 305.2(c)[4] certification form and a copy of correspondence from the Ohio Bureau of Workers' Compensation.

---

[4] Section 305.2 was added by the Act of December 5, 1974, P.L. 782, 77 P.S. §411.2. Section 305.2(c) provides, in part, as follows:

> If an employe is entitled to the benefits of this act by reason of an injury sustained in this State in employment by an employer who is domiciled in another state and who has not secured the payment of compensation as required by this act, the employer or his carrier may file with the director a certificate, issued by the commission or agency of such other state having jurisdiction over workmen's compensation claims, certifying that such employer has secured the payment of compensation under the workmen's compensation law of such other state and that with respect to said injury such employe is entitled to the benefits provided under such law.

**(Footnote continued on next page…)**

4

Regarding the former, the WCJ indicated that said form stated that Claimant was covered by Employer's Ohio workers' compensation insurance carrier on February 4, 2013, and was entitled to benefits under Ohio's workers' compensation law. However, the WCJ found that there was no evidence that Employer or its Ohio insurance carrier complied with all of the requirements outlined in section 305.2 "so as to be deemed to have secured the payment of compensation under the Pennsylvania Workers' Compensation Act." (WCJ's Finding of Fact No. 4.) Additionally, the WCJ noted that the representations of Employer's counsel were contrary to the representations in this certification.

Regarding the latter, the WCJ noted that it consisted of a copy of correspondence from the Ohio Bureau of Workers' Compensation's Law Section/Subrogation Unit to ACS Claim Service, Inc., in Pennsylvania, and included the contents of a March 4, 2014 letter sent to an attorney, John Warren, in Blue Bell, Pennsylvania, seeking to enforce its subrogation rights as to $3,873.49 in medical bills that the Ohio Bureau of Workers' Compensation paid on behalf of Claimant.[5] However, the WCJ found that "this documentation does not support that the Employer had workers' compensation insurance coverage in Pennsylvania on February 4, 2013. Rather, it merely supports the entitlement to a credit for medical payments made referable to the instant matter." *Id.*

---

**(continued…)**

77 P.S. §411.2(c).

[5] While not entirely clear in the record, it appears from the content of the letter as though Attorney Warren had been representing Claimant in a third-party lawsuit against the driver and/or owner of the truck that struck him. Indeed, the letter asks that Attorney Warren contact authorities in Ohio to obtain a final lien amount prior to any settlement.

Finally, the WCJ noted that representatives of the Ohio Bureau of Workers' Compensation and Sheakley Uniservice never appeared or entered an appearance in this matter, even though the latter received the assignment notice and notice of all hearings.[6] In this regard, the WCJ found that "[t]he aforementioned entities have never indicated during the litigation of this matter that the Employer had insurance in Pennsylvania for claims brought pursuant to the Pennsylvania Workers' Compensation Act and have not taken any steps that would suggest any acknowledgment of coverage for this Pennsylvania work injury." *Id.*

**WCJ's Decision**

Ultimately, the WCJ granted Claimant's claim petitions against both Employer and the UEGF. The WCJ concluded that Claimant had successfully proven that he sustained work-related injuries on February 4, 2013, which rendered him totally disabled as of that date. The WCJ also concluded that the UEGF was secondarily liable for payment of the award because the evidence of record established that Employer did not maintain workers' compensation insurance in Pennsylvania at the time of Claimant's work injury. The WCJ further concluded that UEGF failed to meet its burden of proving that Claimant did not file a timely notice of claim pursuant to section 1603 of the Act. Employer and the UEGF thereafter filed appeals with the Board.

---

[6] During oral argument before this Court, the UEGF identified Sheakley Uniservice as a third-party workers' compensation administrator for the Ohio Bureau of Workers' Compensation.

**Board's Decision**

The Board affirmed the decision of the WCJ as to the grant of Claimant's claim petition against Employer, but reversed the decision of the WCJ as to the grant of Claimant's claim petition against the UEGF. In affirming the WCJ's grant of Claimant's claim petition against Employer, the Board held that the credible testimony of Claimant and Dr. Grossinger supported the WCJ's finding that Claimant sustained an injury at work on February 4, 2013, that rendered him totally disabled. In reversing the WCJ's grant of Claimant's claim petition against the UEGF, the Board held that the WCJ erred in finding that the UEGF was secondarily liable for payment of the award. More specifically, the Board concluded that the section 305.2 certification submitted into evidence established that Employer was not uninsured, that Employer had secured the payment of compensation under Ohio law, and that Claimant was entitled to benefits under said law. The Board noted that the aforementioned correspondence evidenced the payment of medical benefits on behalf of Claimant by the Ohio Bureau of Workers' Compensation. Claimant thereafter filed a petition for review with this Court.

**Discussion**

On appeal to this Court,[7] Claimant argues that the Board erred in concluding that the section 305.2(c) certification form submitted into evidence by the UEGF conforms to the dictates of the Act to allow Employer to be deemed insured as

---

[7] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

a matter of law and that, in reaching this conclusion, the Board improperly rejected the supported findings of the WCJ, re-weighed evidence, and interpreted inferences in the manner least favorable to him when he prevailed before the WCJ.

## Section 305.2(c) of the Act

Section 305.2(c) provides as follows:

If an employe is entitled to the benefits of this act by reason of an injury sustained in this State in employment by an employer who is domiciled in another state and who has not secured the payment of compensation as required by this act, the employer or his carrier may file with the director a certificate, issued by the commission or agency of such other state having jurisdiction over workmen's compensation claims, certifying that such employer has secured the payment of compensation under the workmen's compensation law of such other state and that with respect to said injury such employe is entitled to the benefits provided under such law.

In such event:

(1) The filing of such certificate shall constitute an appointment by such employer or his carrier of the Secretary of Labor and Industry as his agent for acceptance of the service of process in any proceeding brought by such employe or his dependents to enforce his or their rights under this act on account of such injury;

(2) The secretary shall send to such employer or carrier, by registered or certified mail to the address shown on such certificate, a true copy of any notice of claim or other process served on the secretary by the employe or his dependents in any proceeding brought to enforce his or their rights under this act;

8

(3)

(i) If such employer is a qualified self-insurer under the workmen's compensation law of such other state, such employer shall, upon submission of evidence, satisfactory to the director, of his ability to meet his liability to such employe under this act, be deemed to be a qualified self-insurer under this act;

(ii) If such employer's liability under the workmen's compensation law of such other state is insured, such employer's carrier, as to such employe or his dependents only, shall be deemed to be an insurer authorized to write insurance under and be subject to this act: Provided, however, That unless its contract with said employer requires it to pay an amount equivalent to the compensation benefits provided by this act, its liability for income benefits or medical and related benefits shall not exceed the amounts of such benefits for which such insurer would have been liable under the workmen's compensation law of such other state;

(4) If the total amount for which such employer's insurance is liable under clause (3) above is less than the total of the compensation benefits to which such employe is entitled under this act, the secretary may, if he deems it necessary, require the employer to file

9

security, satisfactory to the secretary, to secure the payment of benefits due such employe or his dependents under this act; and

(5) Upon compliance with the preceding requirements of this subsection (c), such employer, as to such employe only, shall be deemed to have secured the payment of compensation under this act.

77 P.S. §411.2(c).

## Ohio Law

Claimant first argues that the Board erred in failing to undertake any review of Ohio law to support a determination that Claimant was in fact entitled to benefits in Ohio for his Pennsylvania work injury. However, Claimant cites no authority, either statutory or case law from this Commonwealth, requiring a WCJ or the Board to undertake such a review. Instead, Claimant relies on two Ohio cases, *Prendergast v. Industrial Commission of Ohio*, 27 N.E.2d 235 (Ohio 1940), and *Industrial Commission of Ohio v. Gardinio*, 164 N.E. 758 (Ohio 1929), for support. Claimant's reliance is misplaced.

In *Prendergast*, Charles Prendergast (Decedent), husband of Thelma Prendergast (wife), suffered fatal injuries in a 1931 accident in Indiana while selling water meters for Bailey Meter Company (Bailey), an Ohio company. Following Decedent's death in 1931, his wife filed a claim for compensation first in Missouri, which denied the same, and later in Ohio. The Industrial Commission of Ohio denied the claim, but a common pleas court reversed. An Ohio appeals court affirmed this decision, as did the Ohio Supreme Court. In its decision, the Ohio Supreme Court concluded that the Ohio compensation law applied to "any employer doing business

10

in Ohio who hires employees to work either in Ohio or elsewhere." *Id.* at 237. The Ohio Supreme Court held that "[w]here an Ohio employer enters into a contract with a person to perform transitory work outside of this state, without specification as to the exact location or nature of the work, such as that of a traveling salesman, there is no good reason why such person should not have coverage under the Ohio Workmen's Compensation Act." *Id.* at 238. Thus, *Prendergast* actually supports an out-of-state employee's entitlement to Ohio benefits.

While Ohio benefits were denied in *Gardinio*, that case is factually distinguishable from the present case. In *Gardinio*, an Ohio company hired an employee to perform work exclusively in Pennsylvania, where he was injured. However, the Ohio company had complied with, and covered the employee, under the Act's predecessor in this Commonwealth. In fact, the employee actually applied for and received workers' compensation benefits in accordance with Pennsylvania law. Nevertheless, the employee filed a second claim in Ohio, in essence attempting to recover double the amount of benefits to which he was entitled. The Ohio Supreme Court ultimately reversed the decision of an appeals court awarding Ohio benefits to employee, concluding that said benefits were not available to the employee and stressing the employee's recovery in this state.

In the present case, there is no dispute that Employer did not maintain workers' compensation coverage in this Commonwealth. However, this lack of coverage did not preclude the grant of Claimant's claim petition here. Indeed, the Board affirmed the WCJ's grant of Claimant's claim petition against Employer. In such cases, section 305.2(c) of the Act simply permits an out-of-state employer to file a certification form with the Pennsylvania Bureau of Workers' Compensation in order to access its Ohio coverage for payments. The benefit of this legislative

11

enactment is clear, that the responsible employer, and not the UEGF, is liable for the payment of compensation benefits.[8] Moreover, we note that the record herein reveals that the Ohio Bureau of Workers' Compensation paid $3,873.49 in medical bills on behalf of Claimant, further discounting any argument that Claimant would not be entitled to benefits under Ohio law.

## Section 305.2(c) Certification Form

Claimant next challenges the sufficiency of the section 305.2(c) certification form submitted by Employer. However, we see no merit to this argument by Claimant. At the hearings before the WCJ, the UEGF submitted a packet of documents, certified by the Pennsylvania Bureau of Workers' Compensation, which included the certification form. This certification form was submitted on behalf of the Ohio Bureau of Workers' Compensation and signed by Shelli Hensley, who identifies herself as an operations manager for Sheakley Uniservice. The certification form states that Employer had workers' compensation insurance coverage in Ohio on February 4, 2013, the date of Claimant's work injury, that Claimant was covered under this policy, and that Claimant was entitled to benefits under Ohio's workers' compensation law. The certification form identifies the Ohio Bureau of Workers' Compensation as the insurer responsible for the claim and proceeds to set forth an insurance policy number, effective December 19, 2008, which policy remained active as of January 6, 2014, the date the form was signed.

---

[8] Indeed, the UEGF is primarily funded by assessments of Pennsylvania workers' compensation insurers and self-insurers. *See* Sections 1602 and 1607 of the Act, added by the Act of November 9, 2006, P.L. 1362, 77 P.S. §§2702, 2707.

12

Thus, the certification form complied with the requirements of section 305.2(c) of the Act.

While Claimant takes issue with the lack of any evidence that Employer was domiciled in Ohio or the lack of further activity under sections 305.2(c)(1)-(5) of the Act, the fact remains that section 305.2(c) imposes no such requirement regarding the former and the latter relates to post-submission actions undertaken by the Secretary of the Department of Labor and Industry, not Employer. In the course of this argument, we also note that Claimant misidentifies Sheakley Uniservice as Employer's third-party workers' compensation administrator in Ohio, when it appears that Sheakley Uniservice acts in that capacity for the Ohio Bureau of Workers' Compensation. Further, Claimant argues that the certification form lacks any statement that Employer has secured payment of compensation to Claimant to which he is entitled under Ohio law. However, the certification form states that Employer had workers' compensation insurance in Ohio at the time of the accident and that Claimant was entitled to benefits under Ohio law. These statements, coupled with the record evidence that the Ohio Bureau of Workers' Compensation paid $3,873.49 in medical bills on behalf of Claimant, belie Claimant's argument.

**Board's Scope and Standard of Review**

Finally, Claimant argues that the Board erred by improperly rejecting the supported findings of the WCJ, re-weighing evidence, and interpreting inferences in the manner least favorable to him when he prevailed before the WCJ. However, we disagree with Claimant's characterization of the Board's actions. The Board recognized the WCJ's complete authority over questions and evidentiary weight. *See* Board op. at 3. Contrary to Claimant's arguments, the Board merely held that the

13

certification form submitted by Employer met the requirements of section 305.2(c) of the Act such that the WCJ's finding that Employer was uninsured was not supported by substantial evidence. Based upon our review above, we see no error in the Board's holding.


## Conclusion

Because the certification form submitted into evidence by the UEGF conforms to the requirements of section 305.2(c) of the Act, the Board properly held that Employer was deemed to be insured as a matter of law. The Board did not improperly reject the supported findings of the WCJ, re-weigh evidence, or interpret inferences in the manner least favorable to Claimant. Instead, the Board merely held that the WCJ's finding that Employer was uninsured was not supported by the record.

Accordingly, the order of the Board is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Salvadori, : 
         Petitioner : 
          : No. 2166 C.D. 2015
         v. : 
          : 
Workers' Compensation Appeal : 
Board (Uninsured Employers : 
Guaranty Fund and Farmers : 
Propane, Inc.), : 
         Respondents : 

## *<u>ORDER</u>*

AND NOW, this 5th day of December, 2016, the order of the Workers' Compensation Appeal Board, dated October 9, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge